SYLVIA MUSKAT, Plaintiff-Appellee, v. PAUL STERNBERG *et al.*,
Defendants-Appellants.

First District (1st Division) No. 86—2499

Opinion filed December 22, 1986.—Rehearing denied January 29, 1987.

James K. Meguerian and Luke DeGrand, both of Isham, Lincoln &
Beale, of Chicago, for appellants Intermedics Intraocular, Inc. and Interme-
dics, Inc.

Peter A. Walsh and Stanley J. Davidson, both of Hinshaw, Culbertson,
Moelmann, Hoban & Fuller, of Chicago, for appellant Highland Park Hospi-
tal.

Thomas H. Fegan and Brian C. Fetzer, both of Johnson, Cusack & Bell,
of Chicago, for appellant Paul Sternberg, M.D.

Harold A. Liebenson and Paula Tarr, of Norbert N. Rosenthal & Associ-
ates, Ltd., both of Chicago, for appellee.

JUSTICE O'CONNOR delivered the opinion of the court:

This is an interlocutory appeal by permission pursuant to Supreme Court Rule 308 (87 Ill. 2d R. 308). Defendants appeal from the denial of a motion to dismiss plaintiff's action with prejudice, pursuant to Supreme Court Rule 103(b) (87 Ill. 2d R. 103(b)), for failure to exercise reasonable diligence in obtaining service of process after the expiration of the applicable period of limitations. We reverse.

Plaintiff Sylvia Muskat's alleged injury took place between July 23 and July 26, 1980, when she underwent surgery for cataract removal and had a corrective lens implanted in her eye. She filed a complaint in the circuit court of Cook County on July 22, 1982, alleging negligence and product liability against Paul Sternberg, M.D.; Intermedics, Inc.; Intermedics Intraocular, Inc.; and Highland Park Hospital.

The complaint was filed on July 22, 1982, one day before the expiration of the applicable statute of limitations.[1] The original suit remained pending for two years, during which time plaintiff neither attempted nor effectuated service of process upon any of the defendants.

The action was dismissed for want of prosecution on July 23, 1984, and was refiled on July 23, 1985, pursuant to section 13—217 of the Code of Civil Procedure (Ill. Rev. Stat. 1985, ch. 110, par. 13—217). Defendants were served with process in the refiled suit between August 19, 1985, and October 25, 1985, over three years after the original filing of suit and over five years after the alleged injury for which plaintiff seeks recovery. Defendants individually responded by moving to dismiss with prejudice for failure to exercise reasonable diligence in obtaining service of process after the expiration of the applicable period of limitations as required by Rule 103(b).

A hearing on defendants' motions to dismiss was held on August 26, 1986. In denying defendants' motions, the court ruled that where no Rule 103(b) motion is brought in the original filing of a lawsuit, the appropriate time period by which to measure a plaintiff's diligence in obtaining service of process commences with the refiling of the lawsuit. The trial court then certified the following question to the appellate court:

"Whether, in a case in which the plaintiff's original lawsuit was dismissed for want of prosecution, and no Supreme Court Rule 103(b) motion was filed and no service of process was at-

---

[1]Plaintiff's action is governed by the two-year limitations periods set forth in sections 13—202 and 13—212 of the Illinois Code of Civil Procedure (Ill. Rev. Stat. 1985, ch. 110, pars. 13—202, 13—212).

tempted or obtained in the original lawsuit, a trial court may consider any lack of reasonable diligence in obtaining service of process in the original lawsuit in ruling on a Supreme Court Rule 103(b) motion in the refiled lawsuit."

On September 12, 1986, defendants filed a joint application for interlocutory appeal by permission pursuant to Supreme Court Rule 308 (87 Ill. 2d R. 308), which was granted by this court on September 23, 1986. We reverse.

Defendants contend that there is a conflict in the instant case between Rule 103(b) and section 13—217 and that the trial court erred in refusing to consider the plaintiff's lack of diligence in obtaining service in the original filing of her suit. Their position is that plaintiff is not entitled to disregard her obligation under Rule 103(b) to exercise reasonable diligence in obtaining service of process upon the defendants after the expiration of the applicable statutes of limitations by invoking section 13—217 of the Illinois Code of Civil Procedure (Ill. Rev. Stat. 1985, ch. 110, par. 13—217).

Section 13—217 provides in pertinent part:

"In *** actions *** where the time for commencing an action is limited *** [and] the action is dismissed for want of prosecution, *** whether or not the time limitation for bringing such action expires during the pendency of such action, the plaintiff *** may commence a new action within one year or within the remaining period of limitation, whichever is greater, after *** the action is dismissed for want of prosecution ***." (Ill. Rev. Stat. 1985, ch. 110, par. 13—217.)

Supreme Court Rule 103(b) provides:

"If the plaintiff fails to exercise reasonable diligence to obtain service prior to the expiration of the applicable statute of limitations, the action as a whole or as to any unserved defendant may be dismissed without prejudice. If the failure to exercise reasonable diligence to obtain service occurs after the expiration of the applicable statute of limitations, the dismissal shall be with prejudice. In either case the dismissal may be made on the application of any defendant or on the court's own motion." 87 Ill. 2d R. 103(b).

Plaintiff's position is that she has not disregarded her obligations under Rule 103(b). She contends that she has an absolute right to refile under section 13—217 and asserts that she met her obligations under Rule 103(b) in that she effectuated timely service under the rule in her refiled action. Plaintiff contends that any allegations of lack of reasonable diligence in the original action are irrelevant to the trial

court's determination of Rule 103(b) motions filed by defendants in her refiled action.

Rule 103(b) requires that plaintiffs exercise "reasonable diligence" to obtain service of summons upon defendants. (87 Ill. 2d R. 103(b).) Failure to do so prior to the expiration of the applicable statute of limitations warrants dismissal of the plaintiff's complaint without prejudice; failure to do so after the expiration of the applicable limitations period, on the other hand, warrants dismissal with prejudice. The rule is designed "to protect defendants from unnecessary delays in the service of process on them and to prevent the circumvention of the statute of limitations." *Hanna v. Kelly* (1980), 91 Ill. App. 3d 896, 900, 414 N.E.2d 1262.

Policy considerations underlying Rule 103(b) were recently discussed by the Illinois Supreme Court in *O'Connell v. St. Francis Hospital* (1986), 112 Ill. 2d 273, 492 N.E.2d 1322. In *O'Connell*, as here, the plaintiff filed suit on the eve of the expiration of the applicable period of limitations. Defendants were served with process over eight months later and accordingly brought a motion to dismiss with prejudice pursuant to Rule 103(b). To avoid the effect of the rule, the plaintiff secured a voluntary dismissal under section 2—1009 of the Illinois Code of Civil Procedure (Ill. Rev. Stat. 1985, ch. 110, par. 2—1009) and then refiled his complaint under the auspices of section 13—217 of the Code of Civil Procedure (Ill. Rev. Stat. 1985, ch. 110, par. 13—217).

The *O'Connell* court held that the plaintiff's attempt to invoke sections 2—1009 and 13—217 to avoid the effect of Rule 103(b) should not have been permitted because the effect was an unconstitutional infringement upon the judiciary's obligation to administer justice without delay. *O'Connell v. St. Francis Hospital* (1986), 112 Ill. 2d 273, 281-82, 492 N.E.2d 1322. The *O'Connell* court stressed the importance of Supreme Court Rule 103(b) in the judiciary's efforts to "render justice fairly and promptly":

"Nothing is more critical to the judiciary function than the administration of justice without delay. *** Rule 103(b) was adopted by this court to effectuate its historical and constitutional mandate to render justice fairly and promptly.

Due diligence in serving process is essential to this purpose, for it is the sole legally sufficient means of alerting defendants to the pendency of a civil suit. In addition, service with due diligence, by promptly placing defendant on notice of a pending action, shortens the time needed to investigate, prepare and litigate the issues raised, thereby allowing the court to proceed

expeditiously to a just resolution of the matter before it." *O'Connell v. St. Francis Hospital* (1986), 112 Ill. 2d 273, 282, 492 N.E.2d 1322.

The *O'Connell* court specifically noted that where a complaint is refiled under section 13—217, the plaintiff does not satisfy Rule 103(b) by diligently obtaining service in the refiled action alone. Rather, under the rule, the plaintiff's diligence may be measured from the initial filing of the suit. *O'Connell v. St. Francis Hospital* (1986), 112 Ill. 2d 273, 283, 492 N.E.2d 1322. See also *Hugley v. Alcaraz* (1986), 144 Ill. App. 3d 726, 734-35, 494 N.E.2d 706 (the refiling provision in section 13—217 cannot be invoked to circumvent the applicable limitations period in a medical malpractice action); *Dillie v. Bisby* (1985), 136 Ill. App. 3d 170, 171, 483 N.E.2d 307, (plaintiff cannot avoid Rule 103(b) motion by voluntarily dismissing complaint and refiling under section 13—217).

Plaintiff contends that *O'Connell* is not dispositive of the instant case because *O'Connell* answered a limited certified question based on significantly different facts. She argues that unlike the plaintiff in *O'Connell*, she did not interpose a voluntary dismissal pursuant to section 2—1009 in order to prevent the trial court from ruling on a pending Rule 103(b) motion. She argues that there is no conflict between the requirements of Rule 103(b) and section 2—1009 in the present case as the trial court dismissed the original action on its own motion and there was no pending Rule 103(b) motion.

Distinguishing *O'Connell* in this manner would encourage plaintiffs to disregard Rule 103(b) by penalizing most of those defendants who are not even made aware that a lawsuit is pending until after the case has been dismissed and refiled. Service of process in the original suit would invite a Rule 103(b) motion, which under *O'Connell* would be given precedence over a motion to voluntarily dismiss and refile. By entirely refusing to notify a defendant of the pendency of the original suit, however, the plaintiff would be able to completely circumvent Rule 103(b) and effectively extend the statute of limitations. In light of the policy considerations discussed in *O'Connell*, we believe that there is no support for plaintiff's interpretation.

We need not reach the issue whether there was a conflict here between the judicial right to manage the conduct of litigation and legislative policy regarding access to the courts. See *People v. Flores* (1984), 104 Ill. 2d 40, 46-50, 470 N.E.2d 307; *Morton Grove Park District v. American National Bank & Trust Co.* (1980), 78 Ill. 2d 353, 363, 399 N.E.2d 1295.

■ Rule 103(b) promotes orderly conduct of cases within the

court and sanctions the failure to effect service of process with due diligence. Section 13—217 confers the right to voluntarily reinstate an action that has been dismissed for want of prosecution. The rule and the procedural statute do not conflict on the same subject (*cf. People v. Cox* (1980), 82 Ill. 2d 268, 412 N.E.2d 541; *People ex rel. Stamos v. Jones* (1968), 40 Ill. 2d 62, 237 N.E.2d 495), and therefore we need not determine that section 13—217 is an infringement on judicial authority in order to hold that Rule 103(b) should prevail in the present case.

In accord with *O'Connell*, we believe that plaintiff has a duty under Rule 103(b) to notify defendants of the pending suit against them that is independent of her statutory right to refile her petition following a dismissal for want of prosecution. Nothing in the presence or absence of a Rule 103(b) motion in the original lawsuit alters this principle.

■ Accordingly, in answer to the certified question, we hold that where plaintiff's original lawsuit was dismissed for want of prosecution and no service of process was attempted or obtained in that lawsuit, a trial court may consider lack of reasonable diligence in obtaining service of process in the original lawsuit in ruling on a Supreme Court Rule 103(b) motion in the refiled lawsuit.

Plaintiff also contends that if *O'Connell* is construed to apply to the facts of the instant case, it represents a change in the existing law and should, therefore, be applied prospectively only. The principles enunciated in *O'Connell* are not new, however, nor do they change the existing law. Rule 103(b) has imposed a duty of timely notice of suit upon plaintiffs since January 1, 1970, the date on which it became effective. In *Aranda v. Hobart Manufacturing Corp.* (1977), 66 Ill. 2d 616, 620, 363 N.E.2d 796, the Illinois Supreme Court specifically recognized that a trial court could consider the overall span of time from the original filing of suit to the ultimate service of summons in the second case in assessing the plaintiff's diligence under Rule 103(b).

For the reasons stated, we reverse the order of the circuit court denying defendant's motions under Rule 103(b) and remand the cause to the circuit court of Cook County for further proceedings consistent with the views expressed herein.

Order reversed and cause remanded with directions.

QUINLAN, P.J., and BUCKLEY, J., concur.