**Traverse HARRISON, Plaintiff-Appellant,**

v.

**Jerry WOYAHN, Defendant-Appellee.**

No. 12383.

United States Court of Appeals
Seventh Circuit.

Dec. 11, 1958.

Charles D. Snewind, John G. Phillips, Chicago, Ill., for appellant.

Oswell G. Treadway, Chicago, Ill. (Joseph H. Hinshaw, John M. Moelmann, Chicago, Ill., on the brief), for appellee.

Before FINNEGAN, HASTINGS and PARKINSON, Circuit Judges.

FINNEGAN, Circuit Judge.

Illinois statutory provisions governing limitations form the hard core of this appeal: "The following actions can only be commenced within the periods hereinafter prescribed, except when a different limitation is prescribed by statute." Ill. Rev.Stat.1957, c. 83, par. 13. § 12; S.H. A. ch. 83, § 13." "Actions for damages for an injury to the person * * * shall be commenced within two years next after the cause of action accrued."[1] Ill.Rev.Stat.1957, c. 83, par. 15, § 14; S.H.A. ch. 83 § 15. "In any of the actions specified in any of the sections of this act, if judgment shall be given for the plaintiff, and the same be reversed

---

1. Sections 13 and 15 S.H.A. ch. 83 are of ancient vintage having been enacted in 1872, April 4, Laws 1871–72, p. 556, § 12 and § 14 and have remained unaltered to date.

by writ of error, or upon appeal; or if a verdict pass for the plaintiff, and, upon matter alleged in arrest of judgment, the judgment be given against the plaintiff; or, if the plaintiff be nonsuited, then, if the time limited for bringing such action shall have expired during the pendency of such suit, the said plaintiff, his or her heirs, executors, or administrators, as the case shall require, may commence a new action within one year after such judgment reversed or given against the plaintiff, and not after." Ill.Rev.Stat., 1957, c. 83, par. 24a, § 24; S.H.A. ch. 83, § 24a.

Plaintiff, Traverse Harrison, has been repeatedly suing Jerry Woyahn, defendant, for personal injuries suffered in a motor vehicle accident which occurred June 15, 1953 in Will County, Illinois and the following chronology of that litigation constitutes the undisputed facts to which the statutory sections, already mentioned, must be applied.

| Date | Cause No. | Explanation |
|------|-----------|-------------|
| Oct. 8, 1954 | No. 56536 | Plaintiff commenced suit against defendant in Circuit Court, Will County, Ill. |
| Oct. 25, 1955 | No. 56536 | Involuntary non-suit against plaintiff. |
| Nov. 4, 1955 | No. 57539 | Plaintiff again commenced suit against defendant. |
| Dec. 10, 1957 | No. 57539 | Dismissed for want of prosecution. |
| Dec. 18, 1957 | No. 57C2084 | Suit commenced in U. S. District Court, below, by plaintiff against defendant. |
| May 6, 1958 | No. 57C2084 | District Judge dismissed action. |

When sustaining defendant's motion to dismiss No. 57C2084, the Judge below, after noting the absence of Illinois decisions on point, crystallized the key question in this fashion: " * * * [W]hether * * * [the] statute, extending the period of the original statute of limitations, authorizes a plaintiff to bring another action within a year after his first action under the * * * statute fails for a reason within the statutory provision." Resolving that issue against plaintiff's contentions was sound judgment. For plaintiff is urging, in substance, that § 24a authorizes filing of an action "within one year after an involuntary nonsuit" and plaintiff filed a suit, in the District Court, within one year after No. 57539 was dismissed in the Will County Circuit Court. Illinois aimed the two years statute of limitations at the primary cause of action when it accrued and the statutory relief by way of the one year period of grace is geared to that one.

Section 24a mentions only "a new action" not multiple new actions and significantly reads in terms of relief following in the wake of an initial action. Clearly § 15 S.H.A. ch. 83 and § 24a must be read against the backdrop of § 13 S.H.A. ch. 83 which runs, in part pertinent, "The following actions *can only* be *commenced* within the periods hereinafter prescribed * * *" (Italics added). The balance of § 13 covers § 24a situations, but we find nothing in this statutory language authorizing repeated commencement of lawsuits such as at bar. Rather than simply liberal construction of remedial statutes, plaintiff's thesis would have us legislate authority for interminable pendency of lawsuits—from nonsuit to refiling in endless monotonous cycles—all within tidy yearly units of time. Plaintiff's alacrity in filing lawsuits is unmatched by his laxness resulting in a nonsuit and dismissal for want of prosecution.

Judgment affirmed.