BERTHA MAE SMITH, Plaintiff-Appellant, *v.* THE CHICAGO TRANSIT AUTHORITY, Defendant-Appellee.

First District (3rd Division)   No. 78-127

Opinion filed December 20, 1978.—Rehearing denied January 18, 1979.

Marshall I. Teichner, Ltd., of Chicago, for appellant.

Edward J. Egan, of Chicago (Joseph V. Roddy, of counsel), for appellee.

Mr. JUSTICE McNAMARA delivered the opinion of the court:

We are asked to decide whether a plaintiff, having timely filed an action which is subsequently dismissed for want of prosecution, may refile the action again after both the original action and the first refiled action have been dismissed and still be entitled to have the Statute of Limitations tolled by section 24 of the Limitations Act. Ill. Rev. Stat. 1977, ch. 83, par. 24a.

Section 24 of the Limitations Act provides in pertinent part as follows:

"In the actions specified in this Act or any other act or contract where time for commencing an action is limited, * * * or the action is dismissed for want of prosecution then, whether or not the time limitation for bringing such action expires during the pendency of such suit, the plaintiff, * * * may commence a new action within one year * * * after * * * the action is dismissed for want of prosecution."

Plaintiff, Bertha Mae Smith, was allegedly injured on May 5, 1969, as a result of defendant's negligence. On May 5, 1970, she commenced an

action in the circuit court of Cook County to recover for those injuries. On January 11, 1973, that suit was dismissed for want of prosecution. On October 2, 1973, plaintiff, pursuant to section 24, filed another action covering the same incident. On September 3, 1976, the second cause of action also was dismissed for want of prosecution. Plaintiff again, on June 21, 1977, brought another cause of action. On September 20, 1977, the trial court dismissed plaintiff's complaint with prejudice, and the plaintiff appeals.

■■ A plaintiff has an absolute right to refile an action within a period of one year after dismissal regardless of the reason and a defendant may not interpose a due diligence defense. (*Franzese v. Trinko* (1977), 66 Ill. 2d 136, 361 N.E.2d 585; *Aranda v. Hobart Manufacturing Corp.* (1977), 66 Ill. 2d 616, 363 N.E.2d 796.) Defendant argues, however, that section 24 permits the filing of only one action after the original action has been dismissed and does not allow the filing of multiple new actions more than one year after the original action has been dismissed.

No Illinois court has discussed this precise issue. A Federal court, however, has considered this question under section 24 of the Illinois Limitations Act and has ruled that a plaintiff does not have the right to file multiple new actions more than one year after the original action had been dismissed. (*Harrison v. Woyahn* (7th Cir. 1958), 261 F.2d 412.) At page 413, the court stated:

> "Section 24a mentions only 'a new action' not multiple new actions and significantly reads in terms of relief following in the wake of an initial action. Clearly §15 S.H.A. ch. 83 and §24a must be read against the backdrop of §13 S.H.A. ch. 83 which runs, in part pertinent, 'The following actions *can only* be *commenced* within the periods hereinafter prescribed ...' The balance of §13 covers §24a situations, but we find nothing in this statutory language authorizing repeated commencement of lawsuits such as at bar. Rather than simply liberal construction of remedial statutes, plaintiff's thesis would have us legislate authority for interminable pendency of lawsuits—from non-suits to refiling in endless monotonous cycles—all within tidy yearly units of time."

Other States which have considered extension statutes similar in wording to the Illinois statute have reached the same result. (*Walker v. L. E. Meyers Const. Co.* (1936), 175 Okla. 548, 53 P.2d 547; *Bush v. Cole* (1913), 1 Ohio App. 269; *Reed v. Cincinnati, N.O. & T.P. Ry. Co.* (1916), 136 Tenn. 499, 190 S.W. 458.) In *Cady v. Harlan* (Mo. 1969), 442 S.W.2d 517, the Missouri Supreme Court ruled that a dismissal of plaintiff's second suit did not give rise to a second one year period in which the action might be refiled. The court held that once the provisions of the extension statute are invoked, the plaintiff has one year to file the action and the dismissal of an

action so filed would not give rise to any subsequent periods of grace.

■■ ■ We believe that the rationale of the foregoing decisions is correct and that the trial court in the present case correctly dismissed the action. We believe that section 24 permitting the filing of a new action after the original period of limitations runs does not have the same literal meaning as the original statute of limitation. The original period is not added or extended for an additional year, but the real nature of section 24 is that it is a saving clause to prevent the bar which otherwise would be applicable. It thus acts as a limited extension to prevent injustice; it should not be permitted to become a harassing renewal of litigation. The statute should be liberally construed, but a liberal construction does not warrant an addition to the period fixed by statute.

For the reasons stated, the judgment of the circuit court of Cook County dismissing plaintiff's complaint is affirmed.

Judgment affirmed.

SIMON, P. J., and JIGANTI, J., concur.