JAMES WALICEK, d/b/a Best Lawns, Plaintiff-Appellee, v. CIBA-GEIGY CORPORATION *et al.*, Defendants-Appellants.

First District (5th Division)   Nos. 83—3023, 84—0051 cons.

Opinion filed April 3, 1987.—Rehearing denied June 3, 1987.

John J. O'Malley, of Chicago (Pope, Ballard, Shepard & Fowle, Ltd., of counsel), for appellant CIBA-GEIGY Corporation.

Thomas, Wallace, Feehan, Baron & Kaplan, Ltd., of Chicago, for appellant F/S Lake-Cook Supply.

James Thomas Demos & Associates, Ltd., of Chicago (William J. Harte, of counsel), for appellee.

JUSTICE PINCHAM delivered the opinion of the court:

This is an interlocutory appeal from the trial court's order denying defendants' motions to dismiss plaintiff's third complaint for damages resulting from an alleged breach of express and implied warranties arising out of the plaintiff's use in his landscaping service of an herbicide manufactured by defendant CIBA-GEIGY Corporation and sold to plaintiff by defendant Lake-Cook Supply. Plaintiff's first complaint was filed on September 25, 1978. Only defendant CIBA-GEIGY was served with process. This complaint was dismissed for want of prosecution on May 22, 1980. Plaintiff's second complaint was filed on February 8, 1982. The statute of limitations for plaintiff's cause of action expired April 17, 1982. After plaintiff's second complaint was served on both defendants it was voluntarily dismissed without prejudice on March 10, 1983. Plaintiff's third complaint was filed on June 6, 1983. Defendants' motions to dismiss plaintiff's third complaint based on the statute of limitations were denied. The question certified by the trial court for our consideration is whether section 13—217 of the Code of Civil Procedure (Ill. Rev. Stat. 1985, ch. 110, par. 13—217) allows the filing of a third complaint almost 14 months after the statute of limitations when the first complaint was dismissed for want of prosecution and the sec-

ond complaint, filed within the statute of limitations, was voluntarily dismissed 11 months after the statute of limitations had expired. Defendants contend that section 13—217 did not toll the statute of limitations, that plaintiff invoked that section when he filed a second complaint, and that section 13—217 allowed plaintiff only one refiling of his complaint.

Section 13—217 provides in pertinent part:

"[W]here the time for commencing an action is limited, if * * * the action is dismissed for want of prosecution * * * then, whether or not the time limitation for bringing such action expires during the pendency of such action, the plaintiff * * * may commence a new action within one year or within the remaining period of limitation, whichever is greater."

■ The decisions of this court hold that section 13—217 does not authorize multiple refilings of the same action. In *Phillips v. Elrod* (1985), 135 Ill. App. 3d 70, 478 N.E.2d 1078, this court held that section 24(a), the predecessor of section 13—217, does not authorize successive refilings of the same complaint but permits only a single refiling within a year of dismissal. In *Phillips*, the plaintiff's first cause of action in the circuit court of Cook County was voluntarily dismissed. The plaintiff's second complaint filed in the United States District Court for the Northern District of Illinois alleged that it was a refiling under section 24 from the prior State court action. The plaintiff filed a third complaint in the circuit court of Cook County and was thereafter permitted to reinstate her Federal district court case. The Federal complaint was later dismissed for want of prosecution. The appellate court affirmed the trial court's dismissal of the third complaint in the circuit court of Cook County because the action was barred by the statute of limitations. The court stated that the plaintiff's State and Federal causes of action were premised upon the identical core of operative facts and constituted the same cause of action for purposes of the applicability of section 24. 135 Ill. App. 3d 70, 74, 478 N.E.2d 1078.

In *Smith v. Chicago Transit Authority* (1978), 67 Ill. App. 3d 385, 385 N.E.2d 62, the plaintiff's first and second complaints were dismissed for want of prosecution and the plaintiff's third complaint, filed after the statute of limitations had expired, was dismissed with prejudice. Citing the following language from *Harrison v. Woyahn* (7th Cir. 1958), 261 F.2d 412, 413, the court in *Smith* stated:

"Section 24(a) mentions only 'a new action' not multiple actions and significantly reads in terms of relief following in the wake of an initial action." (67 Ill. App. 3d 385, 387.)

The court stated further that the *Harrison* court held that a plaintiff

does not have the right to repeatedly refile complaints more than one year after the original complaint has been dismissed. Regarding the trial court's decision dismissing the plaintiff's third complaint in the case before it, the *Smith* court held:

"[T]he trial court in the present case correctly dismissed the action. We believe that section 24 [now section 13—217] permitting the filing of a new action after the original period of limitations runs does not have the same literal meaning as the original statute of limitation. The original period is not added or extended for an additional year ***. It thus acts as a limited extension to prevent injustice; it should not be permitted to become a harassing renewal of litigation. The statute should be liberally construed, but a liberal construction does not warrant an addition to the period fixed by statute." 67 Ill. App. 3d 385, 388.

*Smith* has been interpreted to hold that section 24(a) only permits one additional filing after the first complaint has been dismissed. *LaBarge, Inc. v. Corn Belt Bank* (1981), 101 Ill. App. 3d 741, 745, 428 N.E.2d 711.

Most recently, in *Gendek v. Jehangir* (1987), 151 Ill. App. 3d 1028, the plaintiff's first complaint filed in the United States District Court for the Northern District of Indiana was voluntarily dismissed without prejudice. Plaintiff's second complaint filed in the United States District Court for the Northern District of Illinois was voluntarily dismissed without prejudice when plaintiff learned that the defendant was a resident of Illinois. Plaintiff then filed a third complaint in the circuit court of Du Page County alleging that that action was a refiling pursuant to section 24(a) (now section 13—217). The appellate court determined that plaintiff did not have the right to refile his complaint. Section 13—217 specifically states, the court explained, that if a complaint is dismissed by a United States district court for lack of jurisdiction, a new action may be commenced within one year. Plaintiff's second filing in the district court was therefore not a nullity, the court determined, since section 13—217 provides that if a complaint is dismissed by a United States district court for lack of jurisdiction, a new complaint can be filed within one year or within the remaining period of limitation. Regarding plaintiff's contention that the court should not "blindly" accept the Illinois decisions which hold that a second refiling is prohibited because plaintiff's refiling was not a harassing renewal of litigation and the nature of section 13—217 is remedial, the appellate court responded:

"[T]he decisions are based on the interpretation of the language

in section 13—217 which has been held not to authorize successive refilings of the same action. (*Phillips v. Elrod* (1985), 135 Ill. App. 3d 70, 73, 478 N.E.2d 1078; *Smith v. Chicago Transit Authority* (1978), 67 Ill. App. 3d 385, 387, 385 N.E.2d 62.) *Phillips v. Elrod* *** is not distinguishable from this case and is controlling precedent for our decision." 151 Ill. App. 3d 1028, 1033.

■ Like the court in *Gendek*, we will follow *Smith* and *Phillips* regarding section 13—217 that only one complaint can be refiled after the original complaint has been dismissed even if the statute of limitations has not expired. Plaintiff's refiling in this case of his third complaint almost 14 months after the statute of limitations expired falls within the very prohibition of section 13—217.

*O'Connor v. Ohio Centennial Corp.* (1984), 124 Ill. App. 3d 281, 463 N.E.2d 1376, and *Muskat v. Sternberg* (1987), 151 Ill. App. 3d 304, 502 N.E.2d 1099, are readily distinguishable. In *O'Connor*, a personal injury action, the sole issue on appeal was whether the trial court erred in dismissing plaintiff's refiled complaint on the ground that the applicable two-year statute of limitations was not tolled or extended by section 13—217. The plaintiff's complaint was dismissed for want of prosecution a third time, after it had been dismissed for want of prosecution and reinstated on two prior occasions. The plaintiff refiled her complaint based on section 13—217. The circuit court of Bureau County granted the defendant's motion to dismiss with prejudice on the ground that the complaint was not filed within the statutory time limit. The appellate court reversed and held that section 13—217 was only invoked once because there was only one second filing of plaintiff's complaint.

The significant distinction between *O'Connor* and the case at bar is that in *O'Connor*, the plaintiff's initial complaint was dismissed three times for "want of prosecution, without prejudice," on the court's own motion and the trial court twice reinstated the plaintiff's first complaint. As the appellate court ruled, each reinstatement placed the case in the same position it was in before dismissal. Only the third dismissal was final because the complaint was not thereafter reinstated. The plaintiff only filed one new action because there was only one final dismissal for want of prosecution. (*O'Connor v. Ohio Centennial Corp.* (1984), 124 Ill. App. 3d 281, 283.) *Smith v. Chicago Transit Authority* (1978), 67 Ill. App. 3d 385, 385 N.E.2d 62, and *Harrison v. Woyahn* (7th Cir. 1958), 261 F.2d 412, were distinguished because in both cases a complaint was filed and dismissed, a second complaint was filed and dismissed, and a third complaint was filed and dismissed.

It thus follows that the case at bar, where the plaintiff's first complaint was dismissed for want of prosecution, the second complaint was voluntarily dismissed without prejudice, and the third complaint was filed almost 14 months after the statute of limitations expired, is readily distinguishable from *O'Connor*. In the instant case, plaintiff's complaint was never reinstated by the trial court and the two dismissals were final. Plaintiff availed himself of section 13—217 after the first dismissal and cannot again, for a second time, avail himself of this section. To accept plaintiff's contention that his second filing did not invoke section 13—217 because the statute of limitations had not expired would render section 13—217 meaningless. The section states that if an action "is dismissed for want of prosecution *** then, *whether or nor the time limitation for bringing such action expires* during the pendency of such action, the plaintiff *** may commence a new action within one year or within the remaining period of limitation." (Emphasis added.) Ill. Rev. Stat. 1985, ch. 110, par. 13—217.

*Muskat v. Sternberg* (1987), 151 Ill. App. 3d 304, 502 N.E.2d 1099, is also readily distinguishable. In that case, plaintiff's complaint for an alleged medical malpractice injury and product liability was filed in 1982, one day before the expiration of the statute of limitations. The original complaint remained pending for two years, during which time plaintiff neither attempted nor effectuated service of process upon any of the defendants.

It was then dismissed for want of prosecution in 1984 and was refiled in 1985 pursuant to section 13—217. Defendants were served with process in the refiled suit in 1985, over three years after the original filing of the complaint and over five years after plaintiff's alleged injury. After the complaint was refiled, defendants filed a motion to dismiss pursuant to Supreme Court Rule 103(b) (87 Ill. 2d R. 103(b)), which the trial court denied because defendants did not bring their Rule 103(b) motion in the original filing of the lawsuit.

Reversing the trial court, the appellate court cited *O'Connell v. St. Francis Hospital* (1986), 112 Ill. 2d 273, 492 N.E.2d 1322, where the supreme court specifically noted that where a complaint is refiled under section 13—217, the plaintiff does not satisfy Rule 103(b) by diligently obtaining service in the refiled action alone. Rather, the court in *Muskat* observed, under the rule, the plaintiff's diligence may be measured from the original filing of the suit. The court held that where the plaintiff's original lawsuit was dismissed for want of prosecution and no service of process was attempted or obtained in that lawsuit, a trial court may consider lack of reasonable diligence in obtaining service of process in the original lawsuit in ruling on a Rule 103(b) motion in the

refiled lawsuit. The court in *Muskat* reversed the trial court's order denying the defendants' motions to dismiss under Rule 103(b). By way of comparison, the case at bar simply does not involve a question of plaintiff's diligence in obtaining service of process.

■ By the language of section 13—217 and the cases interpreting it, section 13—217 applies to a refiling after a dismissal for want of prosecution whether or not the statute of limitations has expired. Plaintiff's interpretation that he did not invoke section 13—217 when he filed his second complaint because the original statute of limitations had not expired would permit a limitless number of refilings prior to the expiration of the statute of limitations and an additional refiling after the expiration of that period. The policy considerations of section 13—217 are to prevent multiple filings and dismissals and to prevent section 13—217 from becoming a "harassing renewal of litigation." (*Smith v. Chicago Transit Authority* (1978), 67 Ill. App. 3d 385, 388, 385 N.E.2d 62.) The case at bar is illustrative of the difficulty of reaching the merits of an action which has been dismissed and refiled more than once. Section 13—217 seeks to protect a plaintiff who brings an action in good faith from a loss of relief due to procedural defects, to permit him the opportunity to have a trial on the merits (*Kutnick v. Grant* (1976), 65 Ill. 2d 177, 181, 357 N.E.2d 480), and therefore allows a refiling after a voluntary dismissal because of some procedural defect (*Kahle v. John Deere Co.* (1984), 104 Ill. 2d 302, 310, 472 N.E.2d 787). A third filing in the case before us would create an opportunity for section 13—217 to become a "harassing renewal of litigation" and would result in further additional time to file a complaint.

■ Accordingly, in answer to the certified question, we hold that section 13—217 does not allow the filing of a third complaint after the applicable statute of limitations has expired when the first complaint had been dismissed for want of prosecution and the second complaint filed within the statute of limitations was voluntarily dismissed after the statute of limitations expired.

For the foregoing reasons, the judgment of trial court denying defendants' motions to dismiss is reversed and the cause is remanded with directions to the trial court to dismiss plaintiff's third complaint.

Reversed and remanded with directions.

LORENZ and O'CONNOR, JJ., concur.