(No. 64870.—
(No. 65054.—

BERNARD GENDEK, Appellant, v. JEHANGIR M. JE-
HANGIR, M.D., Appellee.—JOHN E. SYLVESTER,
Appellant, v. ROBERT STEINBERG, Appellee.

*Opinion filed January 19, 1988.*

Edward L. Osowski, of Chicago (Isadore M. Bern-
stein, Ltd., of counsel), for appellant.

Rudolf G. Shade, Jr., Michael J. Gallagher and Timo-
thy J. Ashe, of Cassiday, Schade & Gloor, of Chicago, for
appellee.

W. Loren Thomson and Rex L. Reu, of Thomson &
Weintraub, of Bloomington, for appellant.

James C. Wollrab and J. Mark McKinzie, of Costigan

& Wollrab, P.C., of Bloomington, for appellee.

JUSTICE CUNNINGHAM delivered the opinion of the court:

These consolidated causes raise a common question of whether or not a particular statutory provision, section 13—217 of the Code of Civil Procedure (Ill. Rev. Stat. 1983, ch. 110, par. 13—217), permits a plaintiff to file more than one action within one year after the original action has been dismissed (voluntarily or for want of prosecution).

In the first of the consolidated causes, No. 64870, plaintiff, Bernard Gendek, filed a medical malpractice action against defendant, Jehangir M. Jehangir, M.D., in Federal court in Indiana on December 13, 1983, eight days before the expiration of the statute of limitations. On February 22, 1984, Gendek filed a motion for a voluntary dismissal. The motion was granted on a stipulation by the parties.

On March 9, 1984, Gendek filed the same action in Federal court in Illinois. On March 24, 1984, Gendek's motion to dismiss without prejudice for lack of subject matter jurisdiction was granted.

Within one year of the second dismissal, Gendek filed this present action in State court. The circuit court, on motion of defendant, dismissed this action with prejudice. The judgment of the circuit court was affirmed by the appellate court. (151 Ill. App. 3d 1028.) We allowed Gendek's petition for leave to appeal (107 Ill. 2d R. 315).

In the second of the consolidated causes, No. 65054, plaintiff, John E. Sylvester, filed a personal injury suit in 1979 against defendant, Robert Steinberg, arising out of an automobile accident of September 26, 1977.

On February 22, 1984, Sylvester moved for a voluntary dismissal without prejudice. The motion was granted. On the same day, Sylvester refiled the same

action. On April 4, 1986, he filed his second motion for a voluntary dismissal, which was granted. On May 12, 1986, he filed a new action. Defendant filed a motion to dismiss with prejudice. The motion was granted. The judgment of the circuit court was affirmed. (152 Ill. App. 3d 962.) This court granted leave to appeal (107 Ill. 2d R. 315), and consolidated the two causes.

Is a plaintiff who takes a voluntary dismissal of his original action entitled to only one refiling within a year? This court has not previously discussed this precise issue.

Section 13—217 provides:

> "§13—217. Reversal or dismissal. In the actions specified in Article XIII of this Act or any other act or contract where the time for commencing an action is limited, if judgment is entered for the plaintiff but reversed on appeal, or if there is a verdict in favor of the plaintiff and, upon a motion in arrest of judgment, the judgment is entered against the plaintiff, or the action is voluntarily dismissed by the plaintiff, or the action is dismissed for want of prosecution, or the action is dismissed by a United States District Court for lack of jurisdiction, then, whether or not the time limitation for bringing such action expires during the pendency of such action, the plaintiff, his or her heirs, executors or administrators may commence a new action within one year or within the remaining period of limitation, whichever is greater, after such judgment is reversed or entered against the plaintiff, or after the action is voluntarily dismissed by the plaintiff, or the action is dismissed for want of prosecution, or the action is dismissed by a United States District Court for lack of jurisdiction." Ill. Rev. Stat. 1983, ch. 110, par. 13—217.

This section provides plaintiffs with the absolute right to refile their complaint within one year or within the remaining period of limitation, whichever is greater, for the reasons specified therein. In each of the causes before the court, the plaintiff's motion was for a voluntary

dismissal without prejudice, and in each cause the statute of limitations had run. (No. 64870—first filing was eight days before the statute ran; No. 65054—first filing was in 1979, date of accident was September 26, 1977.)

A Federal court in 1958 considered this issue under the previous section 24 (Ill. Rev. Stat. 1957, ch. 83, par. 24a (now Ill. Rev. Stat. 1983, ch. 110, par. 13—217)) of the Limitations Act and ruled that a plaintiff does not have the right to file multiple new actions more than one year after the original action had been dismissed. In *Harrison v. Woyahn* (7th Cir. 1958), 261 F.2d 412, the court stated:

> "Section 24[ ] mentions only 'a new action' not multiple new actions and significantly reads in terms of relief following in the wake of an initial action. Clearly §§15 S.H.A. ch. 83 and 24[ ] must be read against the backdrop of §13 S.H.A. ch. 83 which runs, in part pertinent, 'The following actions *can only be commenced* within the periods hereinafter prescribed ***.' The balance of §13 covers §24[ ] situations, but we find nothing in this statutory language authorizing repeated commencement of lawsuits such as at bar. Rather than simply liberal construction of remedial statutes, plaintiff's thesis would have us legislate authority for interminable pendency of lawsuits—from nonsuit to refiling in endless monotonous cycles—all within tidy yearly units of time." (Emphasis in original.) 261 F.2d at 413.

Other States which have considered extension statutes similar in wording to the Illinois statute have reached the same result. (*Walker v. L. E. Meyers Construction Co.* (1936), 175 Okla. 548, 53 P.2d 547; *Reed v. Cincinnati, N. O. & T. P. Ry. Co.* (1916), 136 Tenn. 499, 190 S.W. 458; *Bush v. Cole* (1913), 1 Ohio App. 269, 17 Ohio C.C. (n.s.) 233.) In *Cady v. Harlan* (Mo. 1969), 442 S.W.2d 517, the Missouri Supreme Court ruled that a dismissal of the plaintiff's second suit did not give rise to a second one-year period in which the action might be

refiled. The court held that once the provisions of the extension statute are invoked, the plaintiff has one year to file the action, and the dismissal of an action so filed would not give rise to any subsequent periods of grace.

The appellate court of Illinois has also addressed the issue now under consideration. For example, *Phillips v. Elrod* (1985), 135 Ill. App. 3d 70, held that the statute "permits only a single refiling within a year of dismissal." (135 Ill. App. 3d at 73.) In *Phillips*, the plaintiff's decedent died as a result of injuries sustained while he was imprisoned. In July 1978, his mother filed a wrongful death action in State court. It was voluntarily dismissed in 1980. Subsequently, in 1980, she filed in Federal court, alleging her action was timely because it was filed within one year of her voluntary dismissal. The Federal action was voluntarily dismissed in 1981. Phillips filed her second State action in 1981. Subsequently, the court dismissed the second State action for lack of prosecution but vacated that order and dismissed it as untimely and unauthorized by the statute. The appellate court held that section 24 of the Limitations Act (Ill. Rev. Stat. 1981, ch. 83, par. 24a (now Ill. Rev. Stat. 1983, ch. 110, par. 13—217)) did not authorize successive refilings after the expiration of the limitation period of the same action, but permitted only a single refiling within a year of dismissal.

Also insightful is *Smith v. Chicago Transit Authority* (1978), 67 Ill. App. 3d 385. In *Smith*, it was determined that former section 24 permitted the filing of only one action after the original action had been dismissed. The court found that the provision did not allow the filing of multiple new actions within one year after the original actions had been dismissed for want of prosecution. All of the suits involved in *Smith* were filed in the circuit court of Cook County and were based upon the same incident. The circuit court dismissed the third suit. The ap-

pellate court found that the provisions of the statute were a saving clause that acted as a limited extension to prevent injustice but did not warrant an extra addition to the one-year extension period fixed by the statute. (67 Ill. App. 3d 385.) Also helpful is *LaBarge, Inc. v. Corn Belt Bank* (1981), 101 Ill. App. 3d 741, which explicitly relied on the holding in *Smith.* See also *Brown v. Burdick* (1974), 16 Ill. App. 3d 1071, 1074; *Franzese v. Trinko* (1976), 38 Ill. App. 3d 152; *Aranda v. Hobart Manufacturing Corp.* (1976), 35 Ill. App. 3d 902; *Sandman v. Marshall Field & Co.* (1975), 27 Ill. App. 3d 427; *Quirino v. Chicago Tribune—New York News Syndicate, Inc.* (1973), 10 Ill. App. 3d 148; *Ray v. Bokorney* (1971), 133 Ill. App. 2d 141.

The purpose of section 13—217, and its predecessor, section 24 of the Limitations Act (Ill. Rev. Stat. 1981, ch. 83, par. 24a), is to facilitate the disposition of litigation upon the merits and to avoid its frustration upon grounds that are unrelated to the merits. (*Roth v. Northern Assurance Co.* (1964), 32 Ill. 2d 40.) We agree with our appellate court, however, that the provision was intended to serve as an aid to the diligent, not a refuge for the negligent. (See, *e.g., Tidwell v. Smith* (1965), 57 Ill. App. 2d 271, 274-75.) Accordingly, we find that the provision was not intended to permit multiple refilings following voluntary dismissals of an action for which the original statute of limitations has lapsed. A contrary interpretation would foster abuse of the judicial system by allowing a nondiligent plaintiff to circumvent (through repeated filings and dismissals of substantially identical actions) the otherwise applicable statute of limitations. We cannot conclude that the General Assembly intended such a result.

Therefore, we find that plaintiffs are entitled to only one refiling of a cause of action pursuant to the saving provision of section 13—217 of the Code of Civil Proce-

dure (Ill. Rev. Stat. 1983, ch. 110, par. 13—217) after taking a voluntary dismissal of their original causes of action.

For the foregoing reasons, the judgment of the appellate court in cause No. 64870 is affirmed; the judgment of the appellate court in cause No. 65054 is affirmed.

*No. 64870—Affirmed.*
*No. 65054—Affirmed.*