JEAN RELAFORD, Plaintiff-Appellee, v. MYO M. KYAW *et al.*, Defendants-Appellants.

Fifth District   No. 5—87—0556

Opinion filed August 16, 1988.

Michael Reda, of Evans & Dixon, of Edwardsville, for appellants Myo M. Kyaw, D. E. Callahan, and Northwest Radiologists, Inc.

Richard M. Roessler, of Gundlach, Lee, Eggmann, Boyle & Roessler, of Belleville, for appellant J. H. Hooker.

Robert D. Larson, of Smith, Larson, Pitts & Walters, Ltd., of East Alton, for appellee.

JUSTICE LEWIS delivered the opinion of the court:

The plaintiff, Jean L. Relaford, brought an action for medical malpractice against Myo M. Kyaw, M.D., J. H. Hooker, M.D., D. E. Callahan, M.D., and Northwest Radiologists, Inc., on December 31, 1985. Separate counts were filed against each of the four defendants alleging that each was negligent in failing to diagnose plaintiff's lung cancer in X rays which they had interpreted at different times in the past. Various motions to dismiss were filed by defendants which were ultimately denied by the trial court.

After denying the motions to dismiss and further denying the motion for reconsideration, the trial court on July 17, 1987, certified for review three issues pursuant to Supreme Court Rule 308 (107 Ill. 2d R. 308). They are as follows:

"1. Whether a plaintiff in a medical malpractice action can subsequent to filing the original complaint untimely file the affidavit of counsel and report from a health care professional pursuant to Section 2—622 of the Code of Civil Procedure [Ill. Rev. Stat. 1985, ch. 110, par. 2—622].

2. Whether the affidavit of counsel and report from the health care professional are sufficient to comply with the requirements of Section 2—622 of the Code of Civil Procedure.

3. Whether a plaintiff has a right to refile a third action pursuant to Section 13—217 of the Code of Civil Procedure [Ill. Rev. Stat. 1985, ch. 110, par. 13—217], after two previous lawsuits have been voluntarily dismissed."

A brief history of this action is necessary before we discuss the

issues certified on appeal. Plaintiff originally filed a complaint against all the defendants in the instant case on May 21, 1985, in the circuit court of Madison County. A motion was made to voluntarily dismiss said action and an order was entered on June 3, 1985, dismissing the case without prejudice. On the same date, June 3, 1985, plaintiff filed an action in the United States District Court for the Southern District of Illinois. Plaintiff subsequently filed a motion to voluntarily dismiss this action and an order was entered granting the motion without prejudice.

On December 31, 1985, plaintiff filed a third identical complaint in the circuit court of Madison County, Illinois, seeking to recover damages from defendants for personal injuries allegedly sustained because of the defendants' alleged malpractice.

It should be noted that section 2—622 of the Illinois Code of Civil Procedure (Ill. Rev. Stat. 1985, ch. 110, par. 2—622) became effective on August 15, 1985. Further, it appears to be undisputed that the applicable statute of limitations began running on or about February 19, 1984. Therefore, plaintiff's third cause of action was filed within the applicable two-year statute of limitations. Ill. Rev. Stat. 1985, ch. 110, par. 13—212.

At the time of the filing on December 31, 1985, the complaint was not appended with an affidavit of counsel or a report from a health care professional as required by the statute. On January 9, 1986, defendants filed a motion to dismiss for failure to comply with section 2—622. On January 31, 1986, plaintiff filed an affidavit of counsel and two reports, prepared by the same physician, after first obtaining leave of court. At the hearing on the motion to dismiss based upon failure to file the proper affidavits, motions to dismiss as to the sufficiency of the affidavit and reports and as to whether the plaintiff had a right to file a third lawsuit after two previous dismissals under section 13—217 of the Code of Civil Procedure were also presented and argued (Ill. Rev. Stat. 1985, ch. 110, par. 13—217). Those three issues were certified for appeal after the trial court denied all the defendants' motions.

■ As to the first issue raised, the defendants claim that the failure to attach the requisite affidavit and reports mandate dismissal and their motion for involuntary dismissal under section 2—619 of the Illinois Code of Civil Procedure (Code) (Ill. Rev. Stat. 1985, ch. 110, par. 2—619) should have been granted under section 2—622(g), which states:

"(g) The failure to file a certificate required by this Section shall be grounds for dismissal under Section 2—619." (Ill. Rev.

Stat. 1985, ch. 110, par. 2—622(g).)

Our supreme court has now addressed this issue and held that a trial court has discretion to grant dismissal with or without prejudice. (*McCastle v. Sheinkop* (1987), 121 Ill. 2d 188, 520 N.E.2d 293.) The court in *McCastle* held that a trial court has discretion to grant a plaintiff leave to file an amended complaint, if the plaintiff seeks to amend the affidavits or if the plaintiff neglects to file the affidavits originally. (*McCastle*, 121 Ill. 2d at 193, 520 N.E.2d at 296.) The Fifth District recently followed *McCastle* in *Shanks v. Memorial Hospital* (1988), 170 Ill. App. 3d 736.

In *Walter v. Hill* (1987), 156 Ill. App. 3d 708, 509 N.E.2d 804, the appellate court reversed the trial court's order dismissing with prejudice plaintiff's complaint for medical malpractice and noted that the failure to attach the affidavit was a mere technical and inadvertent error, especially inasmuch as the affidavit existed prior to the filing of the lawsuit. In the case before this court the physician's reports likewise predated the filing of the lawsuit.

The court in *Walter* went on to say that the legislature did not intend for section 2—622 of the Code to limit malpractice actions by cutting off plaintiff's right to relief. Rather, section 2—622 only puts a requirement of meritoriousness on the pending suit. Thus, the trial court had discretion to permit plaintiff to file the affidavit at a later date. *Walter*, 156 Ill. App. 3d at 711, 509 N.E.2d at 806.

We agree with the trial court's ruling as to the first issue certified to this court in this appeal. Having found that the allowing of the late filing of the affidavit and the reports was within the trial court's discretion, we have no cause to deal with the trial court's alternate finding in this regard.

We will next consider the issue of the sufficiency of the affidavit of counsel and the reports from the health care professional. Section 2—622 of the Code sets forth the requirements in pertinent part as follows:

"(a) In any action, whether in tort, contract or otherwise, in which the plaintiff seeks damages for injuries or death by reason of medical, hospital, or other healing art malpractice, the plaintiff's attorney or the plaintiff, if the plaintiff is proceeding pro se, shall file an affidavit, attached to the original and all copies of the complaint, declaring one of the following:

1. That the affiant has consulted and reviewed the facts of the case with a health professional who the affiant reasonably believes is knowledgeable in the relevant issues involved in the particular action and who practices in the same specialty as the

defendant if the defendant is a specialist; that the reviewing health professional has determined in a written report, after a review of the medical record and other relevant material involved in the particular action that there is a reasonable and meritorious cause for the filing of such action; and that the affiant has concluded on the basis of the reviewing health professional's review and consultation that there is a reasonable and meritorious cause for filing of such action. If the affidavit is filed as to a defendant who is a physician licensed to treat human ailments without the use of drugs or medicines and without operative surgery, a dentist, a podiatrist, or a psychologist, the written report must be from a health professional licensed in the same profession, with the same class of license, as the defendant. For affidavits filed as to all other defendants, the written report must be from a physician licensed to practice medicine in all its branches. In either event, the affidavit must identify the profession of the reviewing health professional. A copy of the written report, clearly identifying the plaintiff and the reasons for the reviewing health professional's determination that a reasonable and meritorious cause for the filing of the action exists, must be attached to the affidavit, but information which would identify the reviewing health professional may be deleted from the copy so attached.

\* \* \*

(b) Where a certificate and written report are required pursuant to this Section a separate certificate and written report shall be filed as to each defendant who has been named in the complaint and shall be filed as to each defendant named at a later time." Ill. Rev. Stat. 1985, ch. 110, pars. 2—622(a)(1), (b).

The defendants basically maintain (1) that the doctor's reports were vague and ambiguous and fail to comply with the minimum standards set forth in section 2—622, (2) that the report was not made by a doctor who practices in the same specialty as the defendants, and (3) that a separate report must be filed as to each defendant who was named in the complaint.

In *Hagood v. O'Conner* (1988), 165 Ill. App. 3d 367, 519 N.E.2d 66, the court discussed the issue of what constitutes compliance with the statute insofar as the content of the attorney's affidavit and reports are concerned. They first cite section 1—106 of the Code of Civil Procedure (Ill. Rev. Stat. 1985, ch. 110, par. 1—106). That section reads as follows:

"This Act shall be liberally construed, to the end that contro-

versies may be speedily and finally determined according to the substantive rights of the parties. The rule that statutes in derogation of the common law must be strictly construed does not apply to this Act or to the rules made in relation thereto." Ill. Rev. Stat. 1985, ch. 110, par. 1—106.

In keeping with this section the *Walter* case heretofore discussed was decided along with *McCastle*. In *McCastle*, the supreme court stated that "[r]equiring that section 2—622 dismissals be with prejudice would be a triumph of form over substance. It would elevate a pleading requirement designed to reduce frivolous lawsuits into a substantive defense forever barring plaintiffs who initially fail to comply with its terms." *McCastle*, 121 Ill. 2d at 193, 520 N.E.2d at 296.

Given the background of section 1—106 (Ill. Rev. Stat. 1985, ch. 110, par. 1—106), and the *Hagood, McCastle* and *Walter* cases, we must look at the affidavit and reports.

█ The defendants maintain that the reviewing health professional with whom the affiant has consulted as knowledgeable in the relevant issues must practice in the same specialty as the defendant if the defendant is a specialist. Dr. Saul Weinstein's reports were attached to the affidavit. His qualifications are sufficiently set forth in Robert D. Larson's affidavit. The defendants maintain that the reports must be submitted by a radiologist. Dr. Weinstein is a thoracic surgeon and, as such, was certainly qualified under the circumstances of this case to be a reviewing health professional. Any licensed physician in Illinois is a legally qualified practitioner in every branch of medicine. Therefore, for the purposes of this act a physician who is licensed to practice medicine in all its branches may evaluate the treatment given by any other physician even if the defendant physician holds himself out as a specialist. *Hagood v. O'Conner*, 165 Ill. App. 3d 367, 519 N.E.2d 66.

█ The act provides, among other things, that the affiant (attorney) has consulted with a health professional and has concluded on the basis of the health professional's review and consultation that there is a reasonable and meritorious cause for filing of such action. The statute goes on to require a copy of a written report clearly identifying the plaintiff and the reasons for the health professional's determination that a meritorious cause of action exists.

The affidavit of Mr. Larson, attorney for plaintiff, and the reports attached by Dr. Weinstein are adequate under the statute although Dr. Weinstein does say he is not an expert radiologist. As a thoracic surgeon he does say, from his examination of the four X rays in question, that there is a rather apparent density of the right hilum and

"that there is a mass in the right middle lobe." He also says in his report of July 17, 1984:

"However, I feel somewhat confident in stating at least at this point in time there appears to be a 2 year delay in diagnosing a poorly differentiated adenocarcinoma of the right middle lobe and that this, more likely than not, is a reflection of substandard medical care on the part of the Department of Radiology at Boyd Memorial Hospital. Finally, more likely than not, the diagnosis of poorly differentiated adenocarcinoma will hold up and therefore, more likely than not, the failure to diagnose said tumor in January of 1982 played a significant role in the outcome of this case in that it has a detrimental effect on the health and well being of Mrs. Relaford."

These comments by a reviewing doctor, after setting forth several paragraphs of medical history, and the case discussion would be adequate for the requirements of section 2—622. The affidavit and reports identify the plaintiff and set forth reasons for a determination that a reasonable and meritorious cause of action exists.

The defendants further argue that there is not a separate certificate and report for each defendant as required by section 2—622(b) of the Code. (Ill. Rev. Stat. 1985, ch. 110, par. 2—622(b).) In this case the charges of negligence are the same as to each defendant and the report adequately discussed the deficiencies of medical care, *e.g.*, failure to diagnose lung cancer. Here, as in *Hagood*, the report was sufficiently broad to cover each defendant in the case. We therefore find in this case, under these specific facts, that a single medical report is sufficient to meet the requirements of section 2—622. Looking at the totality of all the circumstances surrounding the report requirements, we find that the affidavit and report are minimally sufficient to satisfy the statute. (Compare *Alford v. Phipps* (1988), 169 Ill. App. 3d 845, 523 N.E.2d 563.) In *Alford*, the appellate court pointed out that compliance with section 2—622 and the sufficiency of the required documents are matters that rest within the sound discretion of the trial court and, in light of all the variables, these determinations require a case-by-case determination. The court held in that case that confusion resulted from plaintiff's failure to file separate affidavits. We find no such confusion in the instant case and further find that the *Alford* opinion is not controlling here.

The third issue certified on appeal is whether a plaintiff has a right to refile a third action pursuant to section 13—217 of the Code of Civil Procedure after two previous lawsuits have been voluntarily dismissed.

Section 13—217 provides:

"Reversal or dismissal. In the actions specified in Article XIII of this Act or any other act or contract where the time for commencing an action is limited, if judgment is entered for the plaintiff but reversed on appeal, or if there is a verdict in favor of the plaintiff and, upon a motion in arrest of judgment, the judgment is entered against the plaintiff, or the action is voluntarily dismissed by the plaintiff, or the action is dismissed for want of prosecution, or the action is dismissed by a United States District Court for lack of jurisdiction, then, whether or not the time limitation for bringing such action expires during the pendency of such action, the plaintiff, his or her heirs, executors or administrators may commence a new action within one year or within the remaining period of limitation, whichever is greater, after such judgment is reversed or entered against the plaintiff, or after the action is voluntarily dismissed by the plaintiff, or the action is dismissed for want of prosecution, or the action is dismissed by a United States District Court for lack of jurisdiction" Ill. Rev. Stat. 1985, ch. 110, par. 13—217.

Our supreme court in *Gendek v. Jehangir* (1988), 119 Ill. 2d 338, 518 N.E.2d 1051, held that the statute permitting a plaintiff to refile his action within one year of a voluntary dismissal or dismissal for want of prosecution does not permit more than one such refiling. The court in *Gendek* said:

"The purpose of section 13—217, and its predecessor, section 24 of the Limitations Act (Ill. Rev. Stat. 1981, ch. 83, par. 24a), is to facilitate the disposition of litigation upon the merits and to avoid its frustration upon grounds that are unrelated to the merits. (*Roth v. Northern Assurance Co.* (1964), 32 Ill. 2d 40.) We agree with our appellate court, however, that the provision was intended to serve as an aid to the diligent, not a refuge for the negligent. (See, *e.g.*, *Tidwell v. Smith* (1965), 57 Ill. App. 2d 271, 274-75.) Accordingly, we find that the provision was not intended to permit multiple refilings following voluntary dismissals of an action for which the original statute of limitations has lapsed. A contrary interpretation would foster abuse of the judicial system by allowing a nondiligent plaintiff to circumvent (through repeated filings and dismissals of substantially identical actions) the otherwise applicable statute of limitations. We cannot conclude that the General Assembly intended such a result.

Therefore, we find that plaintiffs are entitled to only one re-

filing of a cause of action pursuant to the saving provision of section 13—217 of the Code of Civil Procedure (Ill. Rev. Stat. 1983, ch. 110, par. 13—217) after taking a voluntary dismissal of their original causes of action." *Gendek*, 119 Ill. 2d at 343-44, 518 N.E.2d at 1053.

In the two cases consolidated for appeal in *Gendek* the applicable statute of limitations had lapsed. In the instant case on appeal the applicable (two-year) statute of limitations had not lapsed. The filing of the third action was on December 31, 1985, and the statutory limitation in section 13—212 (Ill. Rev. Stat. 1985, ch. 110, par. 13—212) ran until February 19, 1986.

Section 13—217 of the Code is a saving statute which allows a limited extension to prevent injustice. In holding that only one refiling would be allowed, the court in *Gendek* said:

"Accordingly, we find that the provision was not intended to permit multiple refilings following voluntary dismissals of an action for which the original statute of limitations has lapsed." *Gendek*, 119 Ill. 2d at 343, 518 N.E.2d at 1053.

We agree with the court in *Gendek* and would allow only one refiling if that original statute had lapsed. The plaintiffs are entitled to only one refiling of a cause of action pursuant to the saving provision of section 13—217. However, the third filing in this case is not pursuant to the saving provision but pursuant to the time limitations of section 13—212. The plaintiff has a right to file as many times as needed within the original statute of limitations. The plaintiff is not extending the time or circumventing the applicable statute of limitations.

For the foregoing reasons, the circuit court of Madison County was correct in its rulings on all three of the questions certified for appeal and the judgment of said circuit court is affirmed.

Affirmed.

KARNS and WELCH, JJ., concur.