(No. 71242.–)

E.H. FLESNER *et al.*, Appellees, v. YOUNGS DEVEL-
OPMENT COMPANY *et al.*, Appellants.

*Opinion filed October 31, 1991.*

MILLER, C.J., specially concurring.
CLARK and CUNNINGHAM, JJ., dissenting.

Richard F. Record, Jr., and Paul R. Lynch, of Craig
& Craig, of Mt. Vernon, for appellants.

John Gadau, of Zimmerly, Gadau, Selin & Otto, of
Champaign, and Reino C. Lanto, of Wilson & Lanto,
P.C., of Rantoul, for appellees.

Heyl, Royster, Voelker & Allen, of Peoria (Gary D.
Nelson, Karen L. Kendall and Joseph G. Feehan, of
counsel), for *amicus curiae* Illinois Association of De-
fense Trial Counsel.

JUSTICE HEIPLE delivered the opinion of the
court:

The issue before the court is whether plaintiffs are al-
lowed more than one refiling of an action if the refilings
fall within the applicable statute of limitations pursuant

to section 13—217 of the Illinois Code of Civil Procedure (Ill. Rev. Stat. 1987, ch. 110, par. 13—217). We interpret the language of section 13—217 as providing for one and only one refiling regardless of whether the applicable statute of limitations has expired.

Section 13—217 provides as follows:

"In the actions specified in Article XIII of this Act or any other act or contract where the time for commencing an action is limited, if judgment is entered for the plaintiff but reversed on appeal, or if there is a verdict in favor of the plaintiff and, upon a motion in arrest of judgment, the judgment is entered against the plaintiff, or the action is voluntarily dismissed by the plaintiff, or the action is dismissed for want of prosecution, or the action is dismissed by a United States District Court for lack of jurisdiction, then, *whether or not the time limitation for bringing such action expires during the pendency of such action, the plaintiff, his or her heirs, executors or administrators may commence a new action* within one year or within the remaining period of limitation, whichever is greater, after such judgment is reversed or entered against the plaintiff, or after the action is voluntarily dismissed by the plaintiff, or the action is dismissed for want of prosecution, or the action is dismissed by a United States District Court for lack of jurisdiction." (Emphasis added.) Ill. Rev. Stat. 1987, ch. 110, par. 13—217.

This suit arose out of a written option for leasing coal lands between plaintiffs Henry and Anna Flesner, now both deceased, and defendant Youngs Development Company, a partnership, and its partners C. James Youngs and Darwin Youngs. Plaintiffs initially began their lawsuit against defendants in the United States District Court for the Central District of Illinois in May 1981. That case was dismissed for lack of jurisdiction in November 1981. Plaintiffs refiled their action in the circuit court of Jefferson County, Illinois, in April 1982. On December 2, 1986, plaintiffs filed a motion for voluntary

dismissal. Over defendants' objections, an "Order of Dismissal Without Prejudice" was entered on December 17, 1986.

Plaintiffs then filed their third complaint on December 11, 1987, arising out of the same facts and claims as the two previous lawsuits. Defendants' motion to dismiss the action was granted in October 1988. Plaintiffs then filed a motion to reconsider the order of dismissal with prejudice. The circuit court allowed plaintiffs' motion to set aside the order of dismissal and to reinstate the complaint. The appellate court affirmed. We reverse.

In so ruling, we concur in the analysis and rulings announced in the appellate court opinions of *Walicek v. Ciba-Geigy Corp.* (1987), 155 Ill. App. 3d 667, *Bernstein v. Gottlieb Memorial Hospital* (1989), 185 Ill. App. 3d 709, and *Howard v. Francis* (1990), 204 Ill. App. 3d 722. These cases all stand for the proposition that section 13—217 expressly permits one, and only one, refiling of a claim even if the statute of limitations has not expired. Correspondingly, we reject the contrary analysis as promulgated by the appellate court in *Relaford v. Kyaw* (1988), 173 Ill. App. 3d 1034.

Accordingly, we reverse the orders of the trial and appellate courts which reinstated plaintiffs' complaint and we order dismissal of the plaintiffs' complaint.

*Reversed and dismissed.*

CHIEF JUSTICE MILLER, specially concurring:

I concur in the court's disposition of the present appeal but write separately to explain the basis for my agreement.

Under section 13—217 of the Code of Civil Procedure, if a plaintiff voluntarily dismisses an action, "then, whether or not the time limitation for bringing such action expires during the pendency of such action, the plaintiff *** may commence a new action within one

year or within the remaining period of limitation, whichever is greater." (Ill. Rev. Stat. 1989, ch. 110, par. 13—217.) In *Gendek v. Jehangir* (1988), 119 Ill. 2d 338, 343, a decision not cited by the majority, this court held that section 13—217 "was not intended to permit multiple refilings following voluntary dismissals of an action for which the original statute of limitations has lapsed."

Significantly, the language used in *Gendek* governs not only the plaintiff who seeks to lengthen, year by year, the time allowed for suit beyond the original limitations period through a succession of voluntary dismissals and refilings, but also the plaintiff who attempts to voluntarily dismiss and then refile the action within the single one-year period afforded by section 13—217. A second refiling is prohibited in either instance. Indeed, the appellate court in the present case recognized that both plaintiffs would be treated alike under the statute. The appellate court stated:

> "We agree *** that the plaintiff may not engage in multiple refilings *after* the statute of limitations has expired. We also agree that section 13—217 was not intended to allow the plaintiff to extend the statute of limitations in one-year increments by successive dismissals and refilings. Once a statute of limitations has passed, the plaintiff is entitled to refile only once and that refiling must take place within one year of the dismissal." (Emphasis in original.) 205 Ill. App. 3d at 645.

Thus, section 13—217 affords a single one-year extension of time, and a plaintiff may not further lengthen the time for bringing suit through subsequent refilings. Moreover, it is also clear from the language used in *Gendek*, as well as that used by the appellate court in the present case, that a plaintiff may not attempt multiple refilings during the single one-year extension allowed by the statute. The question that remains, then, is whether multiple, or successive, refilings are permitted during

the original limitations period. The statutory language and the case law require that this question be answered in the negative.

By its own terms, section 13—217 is applicable "whether or not the time limitation for bringing such action expires during the pendency of such action." (Ill. Rev. Stat. 1989, ch. 110, par. 13—217.) This language was added to the statutory predecessor of section 13—217 in 1967, and it replaced a proviso restricting application of the statute to cases in which the limitations period expired during pendency of the suit. The amendment therefore made the statute applicable regardless of whether the original limitations period had already run. (See *Baird & Warner, Inc. v. Addison Industrial Park, Inc.* (1979), 70 Ill. App. 3d 59, 75-76.) The 1967 amendment thus eliminated, for purposes of the refiling provision, any distinction between causes of action for which the original limitations period had expired and those for which it had not.

Once it is conceded that section 13—217 may not be used to gain successive one-year extensions of time for bringing suit and, more important, that the statute bars multiple refilings during the single one-year extension it affords, I fail to see how that provision may be read to permit multiple refilings of an action during the original limitations period. Section 13—217 itself draws no distinction among those different cases. The statutory language cannot be understood to prohibit successive refilings in the first two instances, when the refilings would occur either after or during the single one-year extension of time afforded to plaintiffs, but to allow successive refilings in the third instance, when they would occur during the original statute of limitations.

The underlying rationale was well expressed in *Gibellina v. Handley* (1989), 127 Ill. 2d 122, 134:

"While a [voluntary dismissal] motion in conjunction with section 13—217 may protect the right of a plaintiff to have a decision in the particular case made on the merits of the claim by potentially permitting 'two bites of the apple' when the first bite turns sour, the statutory scheme does not allow a third bite." (127 Ill. 2d at 134.)

The same reasoning is, in my view, applicable here. Indeed, recent decisions of this court have demonstrated that a plaintiff's statutory right to voluntarily dismiss an action even once should not be viewed in isolation but rather must be balanced against other considerations. (See, *e.g.*, *Gibellina*, 127 Ill. 2d 122; *O'Connell v. St. Francis Hospital* (1986), 112 Ill. 2d 273.) To deny section 13—217 the consistent interpretation that I have suggested and permit a third bite of the apple here would be contrary to that authority.

JUSTICE CLARK, dissenting:

I respectfully dissent.

In *Gendek v. Jehangir* (1988), 119 Ill. 2d 338, 343, this court observed:

"The purpose of section 13—217, and its predecessor, section 24 of the Limitations Act (Ill. Rev. Stat. 1981, ch. 83, par. 24a), is to facilitate the disposition of litigation upon the merits and to avoid its frustration upon grounds that are unrelated to the merits. [Citation.] We agree with our appellate court, however, that the provision was intended to serve as an aid to the diligent, not a refuge for the negligent. [Citations.] Accordingly, *we find that the provision was not intended to permit multiple refilings following voluntary dismissals of an action for which the original statute of limitations had lapsed.* A contrary interpretation would foster abuse of the judicial system by allowing a nondiligent plaintiff to circumvent (through repeated filings and dismissals of substantially identical actions) the otherwise applicable statute of limitations. We cannot conclude that the General Assembly intended such a result." (Emphasis added.)

Accord *Relaford v. Kyaw* (1988), 173 Ill. App. 3d 1034, 1042.

Section 13—217 is a saving provision, which grants a plaintiff the right to refile after a voluntary dismissal where the original statute of limitations has run. In the instant case, the applicable statute of limitations had not run. The third filing in this case was not pursuant to the saving provision, but was a timely filing under the same facts and claims as the two previous filings. Plaintiffs were not nondiligent or otherwise guilty of circumventing the applicable statute of limitations. They were simply exercising their right to file an action within the applicable statute of limitations. Accordingly, I would affirm the orders of the circuit and appellate courts which reinstated plaintiffs' complaint.

JUSTICE CUNNINGHAM joins in this dissent.

JUSTICE CUNNINGHAM, also dissenting:

I respectfully dissent.

The majority reaches the conclusion that section 13—217 allows for only one refiling after a prior dismissal, whether or not the statute of limitations has run. Since the majority opinion merely adopts the positions taken by three separate appellate court opinions, those three opinions will be addressed.

First, however, to fully understand the basis for this dissent's argument, it is necessary to analyze a recent case by this court, that of *Gendek v. Jehangir* (1988), 119 Ill. 2d 338. *Gendek*, too, concerned section 13—217. It dealt with it, however, in a somewhat more narrow manner than has since been utilized. On the whole it involved the use of the statute after the applicable statute of limitations had run. The rule set forth there stated that section 13—217 could be used only once when the statute of limitations had come into play.

The facts of *Gendek* show that the plaintiff, after having been dismissed from Federal court due to lack of jurisdiction, filed suit in State court pursuant to section 13—217 after the original statute of limitations had run on his cause. Thereafter, the plaintiff voluntarily dismissed his State court suit and then attempted to refile again. The situation on which the court in *Gendek* refused to allow the suit reflected the plaintiff's attempt to use section 13—217 twice after the statute of limitations had run. It was under those circumstances in which the court noted that continual filings by the plaintiff under the statute would not be allowed. The court made no attempt at that point to limit the plaintiff's ability to file multiple suits within the statute of limitations period.

The original intent of the statute is now apparently lost in antiquity. We must, as the majority has done, now discern the intent from the plain language of the statute itself, as well as from how the statute has been interpreted in the past. It is my belief that the more recent interpretations have gone beyond those originally made. In my view, the meaning attributed to the statute by the majority is incorrect in that it unnecessarily limits a plaintiff in the options available.

The three appellate opinions cited by the majority find their beginnings in two other opinions, one from the Federal court and one from the Illinois appellate court. The first, *Harrison v. Woyahn* (7th Cir. 1958), 261 F.2d 412, dealt with an action for personal injuries in which, according to the court, the plaintiff repeatedly sued the defendant. The Federal court analyzed the predecessor to section 13—217, section 24 of the Limitations Act, in a manner which suggested that the plaintiff should be limited in the number of times the statute could be used. The intent of the court, however, was to prevent "legislat[ing] authority for interminable pendency of lawsuits—from nonsuit to refiling in endless monotonous cycles—

all within tidy yearly units of time." (*Harrison*, 261 F.2d at 413.) Clearly this concern revolves around the potential for bypassing the statute of limitations through what is now section 13—217, for when the applicable statute of limitations is still in force, as it now is due to *Gendek*, there can be no interminable pendency of lawsuits.

The other case which forms the basis for the appellate court opinions is *Smith v. Chicago Transit Authority* (1978), 67 Ill. App. 3d 385. *Smith*, too, dealt with a situation where the facts revealed an attempt by the plaintiff to bypass the statute of limitations through section 13—217. The plaintiff there was first injured in 1969 and filed her first suit in 1970. The suit was dismissed in 1973 for want of prosecution. Later in 1973 the plaintiff filed suit again through the use of section 24, section 13—217's predecessor. The second suit was dismissed in 1976, again for want of prosecution. The plaintiff then attempted to utilize the statute again in 1977, an attempt the appellate court thwarted by affirming the trial court's dismissal of the final suit. The appellate court reasoned that the statute was an extension statute which could only be used once when invoked.

"The original [statute of limitations] period is not added or extended for an additional year, but the real nature of section 24 is that it is a saving clause to prevent the bar which otherwise would be applicable. It thus acts as a limited extension to prevent injustice; it should not be permitted to become a harassing renewal of litigation." (*Smith*, 67 Ill. App. 3d at 388.) The focus by the appellate court on the potential for the statute to become a tool for harassing litigation clearly contemplates its abuse once the statute of limitations has run. Furthermore, the court's use of the term "limited extension" indicates a desire to prevent injustice to the plaintiff when the statute of limitations may come into play.

The first appellate opinion cited by the majority, *Walicek v. Ciba-Geigy Corp.* (1987), 155 Ill. App. 3d 667, cites *Smith* and *Harrison* to support its view that the statute allows for only one refiling after the first complaint has been dismissed. *Walicek* finds support for this argument by stating that *"Smith* has been interpreted to hold that section 24(a) only permits one additional filing after the first complaint has been dismissed." (*Walicek*, 155 Ill. App. 3d at 670, citing *LaBarge, Inc. v. Corn Belt Bank* (1981), 101 Ill. App. 3d 741, 745.) The court in *LaBarge*, however, merely employed a curt one-line statement that "section 24 only permits one additional filing after the first suit has been dismissed" without explanation or elaboration. The *Smith* court made no such broad determination. Thus *LaBarge*, and through it *Walicek*, was incorrect, at least insofar as how *Smith* was actually written.

The second appellate opinion cited by the majority, *Bernstein v. Gottlieb Memorial Hospital* (1989), 185 Ill. App. 3d 709, cites *Gendek* and *Walicek* for the proposition that "[t]he language of section 13—217 judicially has been construed to mean that *** a plaintiff may refile his claim once before the expiration of the applicable statute of limitations or within a single year, whichever period is greater." (*Bernstein*, 185 Ill. App. 3d at 712.) *Gendek*, the only supreme court case cited for this proposition, says no such thing, however. The actual finding in *Gendek* is that the statute "was not intended to permit multiple refilings following voluntary dismissals of an action *for which the original statute of limitations has lapsed.*" (Emphasis added.) (*Gendek*, 119 Ill. 2d at 343.) The decision in *Bernstein* was thus premised upon an incorrect interpretation of the primarily cited case.

The final appellate opinion cited by the majority, *Howard v. Francis* (1990), 204 Ill. App. 3d 722, relies

upon *Walicek* and *Bernstein* for its decision, and so must also be incorrect.

Nevertheless, there is still the philosophy in these opinions that the plain language of the statute clearly indicates the limitation of the statute's use to one. The phrase "may commence a new action" is seized upon as indicating that one and only one use is permitted. To this I can only ask how else the legislature might have worded the phrase, for few plaintiffs, I am sure, contemplate filing more than one action at the same time. The wording is no more than an acknowledgment that, after a voluntary dismissal or dismissal for want of prosecution, the plaintiff will commence a single new action until procedure dictates that that action be dismissed, after which another single new action might be commenced should the time guidelines of the statute allow.

An additional phrase seized upon by these cases is the commencement of the new action "within one year or within the remaining period of limitation, whichever is greater." This is viewed as proof positive that the statute is a limiting provision which operates to cut off the remaining period in a statute of limitations once section 13—217 is used. It is, however, merely an acknowledgement that the provision has the potential for use near to the time when the statute of limitations will run, and serves to guarantee sufficient time to the plaintiff to refile.

I believe that section 13—217 is a saving provision which is not intended to come into operation during the applicable statute of limitations, but rather to operate only when the limitations period may serve to cut off a plaintiff's action. The statute allows the plaintiff an opportunity to take full advantage of whatever time is available under the applicable statute of limitations, and should that limitations period have run or be on the verge of running, allow the plaintiff one final opportu-

nity to salvage his cause. There is no danger of prejudice to the defendant under these circumstances since the threat of continual filings is cut off upon reaching the applicable statute of limitations and then the one potential use of section 13—217.

An additional effect the majority's opinion would have upon plaintiffs' causes is strikingly evident upon the facts of this case. The rule espoused by the majority in effect serves to cut off completely the ability of the plaintiffs to utilize the voluntary dismissal statute (Ill. Rev. Stat. 1987, ch. 110, par. 2—1009). The plaintiffs here, due to the initial filing in Federal court, thereby forfeited their right to a voluntary dismissal once their State court action was filed, since to do so would cut off completely their ability to have their grievances heard.

The majority by its opinion is asserting that section 13—217 was created to prevent harassment by plaintiffs. I believe the better rule is to allow the trial court the discretion to determine when repeated filings by the plaintiff constitute harassment, a procedure easily handled through motions by the defendant. Establishing a hard and fast rule such as the majority does here is neither necessary nor required. I would affirm the orders of the circuit and appellate courts which reinstated the plaintiff's complaint.

For this and the above reasons, I dissent.

JUSTICE CLARK joins in this dissent.