**Shukrieh ABDALLAH and Hisham Abdallah, Plaintiffs,**

v.

**Keith W. SLAGG and Wisconsin Provisions Co., Inc., Defendants.**

No. 92 C 20174.

United States District Court, N.D. Illinois, W.D.

Oct. 5, 1992.

Alan R. Howarter, LaSalle, Ill., for plaintiffs.

Edward R. Telling, Williams & McCarthy, Douglas J. Pomatto, Heyl, Royster, Voelker & Allen, Rockford, Ill., for defendants.

## ORDER

REINHARD, District Judge.

### Introduction

Plaintiffs, Shukrieh Abdallah and Hisham Abdallah, Illinois residents, filed a two-count complaint against defendants, Keith W. Slagg and Wisconsin Provisions Co., Inc. Slagg resides in Wisconsin, and Wisconsin Provisions Co. is a Wisconsin corporation with its principal place of business in Wisconsin.

### Facts

On November 20, 1989, Slagg allegedly drove into Shukrieh's car, causing personal injury and property damage to plaintiff. The accident occurred in Rochelle, Illinois. Plaintiffs filed this diversity action in this court on April 6, 1992.

### Contentions

Defendants contend that plaintiffs have failed to state a cause of action pursuant to Fed.R.Civ.P. 12(b)(6) because they have failed to file their personal injury claim within the applicable Illinois two-year statute of limitations. *See* ILL.REV.STAT. ch. 110, ¶¶ 13–202, 13–203 (1991). Plaintiffs contend that the limitations period has been tolled, and that plaintiffs have properly filed within the applicable time period.

### Discussion

### I. Statute of Limitations

Both parties agree that Illinois' two-year statute of limitations for personal injury, ILL.REV.STAT. ch. 110, ¶ 13–202 (1991), applies to this controversy. However, plaintiffs argue that this limitations period has been tolled by virtue of ILL.REV.STAT. ch. 110, ¶ 13–217 (1991). According to ¶ 13–217, if a plaintiff voluntarily dismisses an action, the plaintiff has one year within which to file a new action, regardless of whether the original time limitation for bringing such an action expired during the pendency of the dispute. ILL.REV.STAT. ch. 110, ¶ 13–217 (1991). Plaintiffs state that they properly filed suit in state court on November 6, 1991. The case was dismissed in March 1992, and plaintiffs filed a complaint in this court on April 6, 1992, within the strictures of ¶ 13–217.

Defendants make two arguments in support of their contention that plaintiffs have not timely filed a cause of action in this court.[1] First, defendants point out that plaintiffs have not presented a copy of the state court action, rendering it difficult to determine when the state court action was filed and under what statutory provision the action was dismissed.

In their response, plaintiffs state that the motion was timely filed in state court on November 6, 1991. While plaintiffs do not specifically assert that the action was voluntarily dismissed, plaintiffs refer to the voluntary dismissal provision of the Illinois Code of Civil Procedure, ILL. REV.STAT. ch. 110, ¶ 2–1009 (1991), and cite ¶ 13–217 in arguing that their complaint before this court was timely filed. This court concludes that plaintiffs' original state action was voluntarily dismissed, consequently giving rise to application of ¶ 13–217.[2]

Defendants' next argument, that ¶ 2–1009 conflicts with Fed.R.Civ.P. 41, rendering ¶ 2–1009 inapplicable to this action, is without merit. Rule 41 governs the procedure for voluntary dismissal in federal courts. Fed.R.Civ.P. 41(a). Plaintiffs are not seeking to voluntarily dismiss this complaint. Rather, they are filing a new complaint, using the time period granted under

---

1. In their reply, defendants also argue that "[p]laintiff attempts to use [¶ 13–217], which deals with a dismissal at the United States District Court level ... 13–217 deals with a situation opposite then [sic] the one at hand and accordingly, is of no relevance or precedential guidance[.]" Defendants misread the statute. Paragraph 13–217 applies, inter alia, to actions

voluntarily dismissed by the plaintiff *or* actions dismissed by a United States District Court for lack of jurisdiction. *See* ILL.REV.STAT. ch. 110, ¶ 13–217 (1991).

2. Should the state proceedings be otherwise, defendants may renew their motion to dismiss.

¶ 13–217. Therefore, there is no conflict in this dispute between Rule 41 and ¶ 2–1009.

Finally, defendants argue that ¶ 13–217 is procedural in nature and inapplicable in this court under the *Erie* doctrine. However, Illinois' saving statute is substantive in nature under *Erie R. Co. v. Tompkins*, 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188 (1938) and, thus, a federal court sitting in diversity should apply ¶ 13–217. *Cook v. Starling*, 104 F.R.D. 468, 469 (N.D.Ill.1985); *see also Locke v. Bonello*, 965 F.2d 534, 535 (7th Cir.1992); *Andrews v. Heinold Commodities, Inc.*, 771 F.2d 184, 186–87 (7th Cir.1985).

## II. Subject Matter Jurisdiction

 This court is under an obligation to raise the issue of subject matter jurisdiction *sua sponte*. *Freytag v. Commissioner of Internal Revenue*, —— U.S. ——, 111 S.Ct. 2631, 2648, 115 L.Ed.2d 764 (1991); *Joyce v. Joyce*, 975 F.2d 379, 386 (7th Cir. 1992). Plaintiffs have alleged $15,000 in controversy, which is less than the $50,000 amount in controversy needed to satisfy 28 U.S.C. § 1332. Consequently, this court lacks subject matter jurisdiction over this dispute. This court grants plaintiffs leave to amend their complaint within 14 days to satisfy 28 U.S.C. § 1332. *See Joyce*, at 386. Otherwise, this cause is dismissed.

### Conclusion

For the reasons stated above, defendants' motion to dismiss is denied; plaintiffs are given 14 days to amend their complaint. Otherwise, this cause is hereby dismissed.