MARY KOFFSKI *et al.*, Plaintiffs-Appellants, v. THE VILLAGE OF NORTH BARRINGTON *et al.*, Defendants-Appellees.

Second District No. 2—92—0475

Opinion filed February 22, 1993.

John Bernard Cashion, of Chicago, for appellants.

David R. Quade and Heidi J. Aavang, both of Diver, Grach, Quade & Masini, of Waukegan, for appellee Village of North Barrington.

Philip J. Ryan and Scott R. Landa, both of Ryan & Ryan, Ltd., of Waukegan, for appellees Richard G. Evans and Stephen R. Koch.

Randall W. Graff and Jeffrey S. Herden, both of Landau, Omahana & Kopka, Ltd., of Chicago, for appellee Robert A. Greene.

JUSTICE DOYLE delivered the opinion of the court:

Plaintiffs, Mary Koffski and James A. Koffski, filed a complaint in the circuit court of Lake County against defendants, the Village of North Barrington, Richard G. Evans, Stephen R. Koch and Robert A. Greene, seeking damages relating to personal injuries sustained by Mary Koffski in two separate automobile accidents. Approximately one year later, plaintiffs voluntarily dismissed their State court action against all defendants (Ill. Rev. Stat. 1991, ch. 110, par. 2—1009). Following the dismissal of one claim, and during the pendency of a second, filed against the same defendants in the United States District Court for the Northern District of Illinois, plaintiffs filed a motion pursuant to section 2—1401 of the Code of Civil Procedure (Ill. Rev. Stat. 1991, ch. 110, par. 2—1401) seeking to vacate the circuit court's order granting plaintiffs' motion for voluntary dismissal. Plaintiffs bring this timely appeal from the order of the circuit court granting defendants' motion to dismiss plaintiffs' section 2—1401 motion. Additionally, defendants have filed a motion to dismiss the appeal, and plaintiffs have responded with a motion to stay. We ordered both motions taken with the case.

The dispositive issue raised on appeal is whether the trial court abused its discretion in dismissing plaintiffs' section 2—1401 petition to vacate an order granting a voluntary dismissal of plaintiffs' State court claim where they refiled the same cause of action against the same defendants in Federal district court which was subsequently dismissed for lack of subject-matter jurisdiction.

While the issues do not require a full recitation of the underlying facts, it is necessary to detail the procedural history of the present litigation. On February 9, 1990, plaintiffs filed a five-count complaint in the circuit court of Lake County seeking damages related to personal injuries sustained by Mary Koffski in two separate automobile accidents. Approximately one year later, on February 13, 1991, the circuit court granted plaintiffs' motion for a voluntary dismissal of all actions filed against all defendants.

On July 12, 1991, plaintiffs filed a complaint in the United States District Court for the Northern District of Illinois against the same defendants. The district court subsequently dismissed plaintiffs' complaint for lack of subject-matter jurisdiction based upon an absence of diversity of citizenship.

On November 27, 1991, plaintiffs filed a second complaint in the district court against the same defendants on the same cause of action. Prior to the district court's ruling on defendants' motion to dismiss, plaintiffs, on February 10, 1992, filed a "motion for relief from judgment" pursuant to section 2—1401 in the circuit court of Lake County. In their motion, plaintiffs stated that the voluntary dismissal was taken to avoid the adverse consequences of an earlier order entered by the circuit court and with the knowledge that a second refiling was permitted "ordinarily." Plaintiffs further averred that the voluntary dismissal was not the result of inadvertence or lack of diligence, and that they had a meritorious cause of action. Additionally, plaintiffs stated that if the district court dismissed their second Federal cause of action, the equities would favor the reopening of the State court action.

In his motion to dismiss plaintiffs' section 2—1401 motion, which was subsequently adopted by the other defendants, Greene argued that plaintiffs' motion should be dismissed because of the pending action in the Federal court and that plaintiffs should not be allowed to seek relief from an order granting their own motion for voluntary dismissal because they were allowed to refile under section 13—217 of the Code of Civil Procedure (Ill. Rev. Stat. 1991, ch. 110, par. 13—217). Alternatively, Greene argued that even if plaintiffs were allowed to utilize a section 2—1401 petition to vacate the voluntary dismissal, it would be tantamount to a *de facto* refiling of their action which is barred under *Flesner v. Youngs Development Co.* (1991), 145 Ill. 2d 252, 254 ("section 13—217 expressly permits one, and only one, refiling of a claim even if the statute of limitations has not expired") because plaintiffs had already refiled their cause of action in the Federal court (referring to the first Federal filing).

On March 18, 1992, the circuit court granted defendants' motion to dismiss plaintiffs' section 2—1401 motion. At the hearing on defendants' motion to dismiss, the trial court stated that section 2—1401 did not apply to the case at bar based upon its historical application.

Subsequently, in its memorandum opinion and order, docketed April 2, 1992, the district court dismissed plaintiffs' second Federal cause of action. This time, however, the district court determined that section 13—217 barred plaintiffs from refiling a second time and that their cause of action was barred by the applicable statute of limitations. Following its preliminary determination that section 13—217 is a substantive rule of law, thus requiring its application under the "*Erie* doctrine" in a Federal diversity case, the district court found that plaintiffs' case must be dismissed because they had already used their opportunity to refile under section 13—217 by filing their first action in the district

court which was dismissed for lack of subject-matter jurisdiction. The court further noted that "it is well settled in Illinois that plaintiffs are permitted only one refiling of an action under section 13—217."

Plaintiffs subsequently appealed the district court's second dismissal to the United States Court of Appeals for the Seventh Circuit. In addition to this pending appeal in the Federal appeals court, plaintiffs indicate in their brief that they have filed with that court a motion requesting the entry of an order certifying a question of State law to the Illinois Supreme Court pursuant to Rule 52 of the Circuit Rules of the United States Court of Appeals for the Seventh Circuit (7th Cir. R. 52) and Illinois Supreme Court Rule 20 (134 Ill. 2d R. 20). The questions plaintiffs seek to certify are:

"(1) Whether after dismissal of an action in State or federal court for any reason other than on the merits, Chapter 110 Section 13—217 ILLINOIS REVISED STATUTES permits a second refiling, in either state or federal court, after a first refiled action in federal court has been dismissed for lack of jurisdiction; and

(2) Does the dismissal of a first refiled action in federal court for lack of proper jurisdiction constitute an exception, in construing the aforesaid state statute, to the rule announced by the Illinois Supreme Court in *Flesner v. Youngs Development Co.*, 145 Ill. 2d 252, 582 N.E.2d 720, 164 Ill. Dec. 157 (1991), just as *Fanaro v. First National Bank of Chicago*, 160 Ill. App. 3d 1030, [parallel citation omitted] (1987), prior to *Flesner*, appears to be an exception to the rule prohibiting a second refiling."

On April 16, 1992, plaintiffs appealed from the circuit court's order dismissing their section 2—1401 motion. Defendants have filed a motion to dismiss the appeal, and, in response, plaintiffs have filed a motion to stay the proceedings. Before proceeding to the merits, we will address the parties' motions.

Defendants have filed a motion to dismiss the present appeal pursuant to section 2—619(a)(3) of the Code of Civil Procedure (Ill. Rev. Stat. 1991, ch. 110, par. 2—619(a)(3)). Section 2—619 provides, in relevant part:

"§2—619. Involuntary dismissal based upon certain defects or defenses. (a) Defendant may, within the time for pleading, file a motion for dismissal of the action or for other appropriate relief upon any of the following grounds. ***

\* \* \*

(3) That there is another action pending between the same

parties for the same cause." Ill. Rev. Stat. 1991, ch. 110, par. 2—619(a)(3).

At the outset we question defendants' use of a section 2—619 motion to dismiss in the appellate court. The introductory committee comments to the supreme court rules provide, in relevant part:

"[T]he *** civil appeals rules establish a complete and self-contained system of appellate procedure applicable except as indicated in rule 1, to all civil appeals in both the Supreme and Appellate Court. Consulting the Civil Practice Act ordinarily will not be necessary." (Ill. Ann. Stat., ch. 110A, Introductory Committee Comments, at XVII (Smith-Hurd 1985).)

Additionally, the historical and practice notes to section 1—107 of the Code of Civil Procedure provide, in part:

"The Illinois Supreme Court is granted exclusive jurisdiction over the regulation of appeals by the Judicial Article of the Constitution of 1970, and its rules (Article III, Civil Appeals Rules, (ch. 110A, par. 301 *et seq.*) ***) [to] determine the manner of such appeals." Ill. Ann. Stat., ch. 110, par. 1—107, Historical & Practice Notes, at 34-35 (Smith-Hurd 1983).

■ Considering the exclusive jurisdiction of the supreme court to regulate appeals through the promulgation of rules and the separation of powers contemplated by our constitution, we determine that defendants should not be permitted to utilize a procedural mechanism enacted by the legislature and designed for use in the trial court as a means to obtain the dismissal of an appeal. Moreover, the supreme court rules expressly contemplate the limited use of motions in the appellate court (see 134 Ill. 2d R. 361), and, therefore, it is those rules, and the case law decided thereunder, that should serve as the procedural basis for bringing matters before this court. We note that the supreme court rules do not expressly provide a substantive basis for dismissal of an appeal similar to that provided in section 2—619(a)(3), nor have defendants urged a construction of the rules that would provide such a basis.

Additionally, section 2—619 expressly provides that its use is limited "within the time for pleading." (Ill. Rev. Stat. 1991, ch. 110, par. 2—619.) This adds further support to the conclusion that section 2—619 was not intended for use in the appellate court because by the time an action finds its way to this court, the time for pleading has long since passed. Accordingly, defendants' motion is denied.

■ In response to defendants' motion to dismiss, plaintiffs contend that the appeal should be stayed, rather than dismissed, until the Federal appeals court disposes of plaintiffs' appeal from the dismissal

of their second Federal claim. Because we have denied defendants' motion to dismiss, it is unnecessary to consider plaintiffs' request that we stay the proceedings as an alternative to dismissal. Furthermore, a review of plaintiffs' motion reveals that the issues raised are substantially similar to those raised on appeal, and the relief sought is essentially identical to the relief sought on appeal to the extent that plaintiffs seek a stay in their appellate brief. Additionally, we note that plaintiffs have urged no alternative basis upon which to stay the proceedings, nor have they provided this court with a basis upon which this court has the authority to stay the appeal. Accordingly, plaintiffs' motion is denied.

Plaintiffs' primary appellate contention is that section 2—1401 should provide an exception to the general rule which prohibits vacating a prior order of voluntary dismissal. Plaintiffs argue that "the theory" with respect to the right of a plaintiff who has voluntarily dismissed an action, without, at the time of the motion, having requested leave to reinstate it in the future, is that the plaintiff has an absolute right to refile the action. Plaintiffs argue that in the present case they have been deprived of their "absolute" right to refile. Their argument rests upon the notion that when the refiling occurs in a Federal court, it is not the exercise of their "absolute" right of refiling because it is conditioned upon Federal rules with respect to diversity jurisdiction. Therefore, plaintiffs conclude that a section 2—1401 petition should be allowed, as a matter of fairness and equity, to rectify the situation where Federal jurisdictional rules impair their right to refile following a voluntary dismissal in State court.

Defendants respond that plaintiffs' use of a section 2—1401 petition is an attempt to avoid the intended purpose of the rule established in *Flesner* wherein the court held that section 13—217 permits one, and only one, refiling of a claim following a voluntary dismissal (*Flesner*, 145 Ill. 2d at 254), and that plaintiffs' petition seeks a *de facto* refiling of their claim which is expressly precluded by *Flesner* and section 13—217.

A section 2—1401 petition provides a comprehensive statutory procedure by which final orders, judgments and decrees may be vacated after 30 days from the entry thereof. (Ill. Rev. Stat. 1991, ch. 110, par. 2—1401(a); *Smith v. Airoom, Inc.* (1986), 114 Ill. 2d 209, 220.) Its purpose is to bring before the court matters of fact which were unknown at the time the judgment was entered and, if known, would have affected or altered the judgment. (*In re Marriage of Lindjord* (1992), 234 Ill. App. 3d 319, 325.) In order to be entitled to relief under section 2—1401, the petitioner must set forth specific fac-

tual allegations supporting each of the following elements: (1) the existence of a meritorious defense or claim; (2) due diligence in presenting this defense or claim to the circuit court in the original action; and (3) due diligence in filing the section 2—1401 petition for relief. *Airoom*, 114 Ill. 2d at 220-21.

When a party files a motion to dismiss attacking a section 2—1401 petition, the motion admits all well-pleaded facts and challenges only the legal sufficiency of the petition. (*Lindjord*, 234 Ill. App. 3d at 325.) A reviewing court will not disturb the judgment of the trial court absent an abuse of discretion. *Lindjord*, 234 Ill. App. 3d at 325.

Due diligence requires the petitioner to show that his inaction was the result of an excusable mistake and that he acted reasonably, not negligently, when he failed to pursue his cause of action. (*Dassion v. Homan* (1987), 161 Ill. App. 3d 141, 145.) The conduct of the parties shall be considered in determining the reasonableness of the petitioner's excuse. (*Dassion*, 161 Ill. App. 3d at 145.) Section 2—1401 is not intended, however, to relieve parties from their own mistakes or their attorney's mistake. *Brockmeyer v. Duncan* (1960), 18 Ill. 2d 502, 505; *Manning v. Meier* (1983), 114 Ill. App. 3d 835, 838.

■ Although plaintiffs argue that the vagaries of Federal jurisdictional rules have frustrated and impaired their "absolute" right to refile a maintainable cause of action under section 13—217, we perceive their dilemma to be entirely the result of their own doing. Plaintiffs' decision to voluntarily dismiss their State claim and seek relief in Federal court in lieu of refiling in State court was primarily a tactical decision. In their section 2—1401 petition, plaintiffs candidly admit that the purpose of their voluntary dismissal was to avoid the effects of an earlier order which would have limited the presentation of their expert witness' qualifications at trial, and counsel's knowledge that plaintiffs were going to relocate to another State.

Additionally, following the voluntary dismissal, plaintiffs sought, on two separate occasions, to invoke the subject-matter jurisdiction of the Federal district court in order to pursue their claim. It was only during the pendency of the second Federal claim, the first having been dismissed for lack of diversity of citizenship, that plaintiffs chose to file their section 2—1401 petition. It is apparent that plaintiffs' reason for petitioning to vacate was a result of either their mistaken interpretation of law governing Federal diversity jurisdiction or their failure to appreciate fully the risks inherent in seeking to invoke the subject-matter jurisdiction of the district court instead of refiling in State court. For example, in their section 2—1401 petition, plaintiffs stated that the ruling of the district court "is somewhat of a coin flip

because the reported decisions on the 'residence' qualifications for diversity citizenship go either way." We conclude, therefore, that plaintiffs' tactical decision to voluntarily dismiss their State claim, and subsequent miscalculation of the Federal district court's interpretation of its jurisdictional rules and section 13—217 of the Code of Civil Procedure which resulted in the dismissal of their Federal claims, should not entitle plaintiffs, in the absence of fraud on the part of defendants (see *Dassion*, 161 Ill. App. 3d at 145), to relief under section 2—1401. Accordingly, we affirm the trial court's dismissal of plaintiffs' section 2—1401 motion to vacate its earlier order granting plaintiffs' voluntary dismissal.

Furthermore, to hold otherwise would contradict the rules and policies enunciated by our supreme court pertaining to voluntary dismissals. To allow a plaintiff to allege a mistaken interpretation of law or miscalculated tactical decision as a basis upon which to vacate a voluntary dismissal under section 2—1401 would amount to an invitation to circumvent the mandate of section 13—217 which permits only a single refiling after a voluntary dismissal (*Flesner*, 145 Ill. 2d at 254 (statute permits only single refiling even though underlying statute of limitations has not yet expired); *Gendek v. Jehangir* (1988), 119 Ill. 2d 338, 343-44 (statute permits only single refiling within one-year saving period), and the rule which prohibits plaintiffs from appealing an order of voluntary dismissal (*Kahle v. John Deere Co.* (1984), 104 Ill. 2d 302, 306). The purpose of section 13—217 is to facilitate the disposition of litigation upon the merits and to avoid its frustration upon grounds that are unrelated to the merits. (*Gendek*, 119 Ill. 2d at 343.) It is intended to serve as an aid to the diligent, not a refuge for the negligent. (*Gendek*, 119 Ill. 2d at 343.) As our supreme court has stated:

> "While a section 2—1009 motion in conjunction with section 13—217 may protect the right of a plaintiff to have a decision in the particular case made on the merits of the claim by potentially permitting 'two bites of the apple' when the first bite turns sour, the statutory scheme does not allow a third bite." *Gibellina v. Handley* (1989), 127 Ill. 2d 122, 134.

Although the procedural posture of the above-cited cases differs from the present case, we find the spirit and intent of the principles enunciated therein to be equally persuasive in denying plaintiffs' section 2—1401 petition. In the absence of any specific allegations of fraud by a defendant, plaintiffs' use of a section 2—1401 petition in this context would result in a circumvention of the single refiling rules articulated in *Flesner* and *Gendek*. Permitting plaintiffs to va-

cate a voluntary dismissal by way of a section 2—1401 petition would in effect eviscerate the one-year limitation period specified by the statute and the applicable underlying statutes of limitation. The net effect would be to permit plaintiffs to engage in a potentially endless succession of refilings to avoid the consequences of an adverse trial court order. (See generally *Gibellina*, 127 Ill. 2d at 137.) That is one of the problems that the single refiling rules specifically seek to eliminate.

Additionally, the rationale underlying the prohibition against allowing plaintiffs to appeal from an order of voluntary dismissal applies equally to the present case. As a rule, plaintiffs are prevented from appealing an order granting a voluntary dismissal because it is the plaintiff that requested the order. (*Kahle*, 104 Ill. 2d at 306.) They are protected from prejudice, however, by the operation of section 13—217, which affords them the absolute right to refile the case within one year of a voluntary dismissal. (*Kahle*, 104 Ill. 2d at 306.) If plaintiffs are to be precluded from utilizing an appeal to avoid the effects of an order of voluntary dismissal because it was plaintiffs who requested the order, it would seem to follow that they should not be permitted to use a section 2—1401 petition to vacate the same unappealable order which was entered at their insistence.

Plaintiffs contend, however, that we should not be persuaded by the rationale of the above-cited cases. Plaintiffs direct our attention to *Fanaro v. First National Bank* (1987), 160 Ill. App. 3d 1030, as support for the proposition that where the first refiled action is not a "maintainable" action, a second refiled action is allowable in order to effectuate the purposes of section 13—217. Plaintiffs conclude that because they never had a maintainable cause of action in the Federal court, they did not receive the refiling that they were otherwise entitled to under section 13—217. In *Fanaro*, the court held that a plaintiff's refiling of State claims in Federal court on the basis of pendent jurisdiction, which were subsequently terminated as a result of the dismissal of the appended-to Federal claims, did not constitute the single allowable refiling under section 13—217. *Fanaro*, 160 Ill. App. 3d at 1036.

Although we offer no opinion as to the continued vitality of the rule articulated in *Fanaro* after *Flesner*, we find plaintiffs' reliance on it misplaced. The basis for the dismissal of plaintiffs' first Federal cause of action here was a lack of subject-matter jurisdiction. They did not lose their State claims based upon the termination of pendent jurisdiction, which distinguishes this case from *Fanaro*. In *Fanaro*, the court noted:

"It was not a dismissal for lack of subject matter jurisdiction since the district court never affirmatively acted to exercise pendent jurisdiction and never considered whether the claims could have been maintained. [Citation.]

\*\*\* [W]hen the interposed Federal action was dismissed, causing pendent jurisdiction to be terminated, that termination did not constitute the single allowable refiling under section 13—217." (*Fanaro*, 160 Ill. App. 3d at 1036-37.)

Accordingly, we find *Fanaro* unpersuasive as applied to the circumstances of this case.

For the foregoing reasons, we affirm the order of the circuit court of Lake County dismissing plaintiffs' petition to vacate.

Affirmed.

UNVERZAGT and GEIGER, JJ., concur.