Mary KOFFSKI and James A. Koffski,
Plaintiffs–Appellants,

v.

VILLAGE OF NORTH BARRINGTON,
Richard G. Evans, Stephen R. Koch,
et al., Defendants–Appellees.

No. 92–1972.

United States Court of Appeals,
Seventh Circuit.

Argued Dec. 3, 1992.
Decided March 5, 1993.

John B. Cashion, Chicago, IL, for plaintiffs-appellants.

James P. DeNardo, Christine L. Olson, Gregory L. Cochran, McKenna, Storer, Rowe, White & Farrug, Chicago, IL, for Village of North Barrington.

George L. Layer, Hoffman & Associates, Schaumburg, IL, for Richard G. Evans, Stephen R. Koch.

Jeffrey S. Herden, Randall W. Graff, Landau, Omahana & Kopka, Chicago, IL, for Robert A. Greene.

Before FLAUM and ROVNER, Circuit Judges, and LAY, Senior Circuit Judge.*

---

\* The Honorable Donald P. Lay of the United States Court of Appeals for the Eighth Circuit, sitting by designation.

1. In their complaint, the Koffskis also advert to a July 12, 1990 accident. The district court's opinion, however, refers only to the March 1989 accident. On appeal, the Koffskis have adopted the district court's statement of facts as their own, so that for our purposes only the 1989 accident is at issue. The discrepancy is irrele-

---

ILANA DIAMOND ROVNER, Circuit Judge.

Mary and James Koffski sued the Village of North Barrington and several individuals for injuries Mary sustained in a March 2, 1989 automobile accident.[1] The Koffskis filed the current action on November 27, 1991, after two earlier actions had been dismissed, one from state and one from federal court. The district court dismissed this action as well, finding that it was time-barred. The Koffskis appeal that dismissal, and we affirm.

## I. BACKGROUND

■ The Koffskis originally filed suit in the Circuit Court of Cook County on February 9, 1990, more than eleven months after Mary's accident. They voluntarily dismissed that action in February 1991 and refiled in the Northern District of Illinois on July 12, 1991. The district court dismissed that action for lack of subject matter jurisdiction on October 29, 1991, because there was no diversity of citizenship. The Koffskis subsequently refiled in the Northern District of Illinois on November 27, 1991.[2] The district court dismissed that action as time-barred, precipitating this appeal.

The limitations period in Illinois is one year for actions against local governments and two years for personal injury suits. Ill.Rev.Stat. ch. 85, ¶ 8–101; Ill.Rev.Stat. ch. 110, ¶ 13–202. Both of those periods had elapsed before the Koffskis filed either of their federal actions. However, the Koffskis relied on the Illinois "saving statute," which provides in relevant part:

> [i]f the action is voluntarily dismissed by the plaintiff, or the action is dismissed

---

vant in any event, because the outcome would be the same even if we were to consider the 1990 accident.

2. The district court originally found diversity to be lacking because although the Koffskis had purchased a home in Arkansas, they were still domiciled in Illinois on July 12, 1991. By November of that year, the Koffskis had moved to Arkansas.

for want of prosecution, or the action is dismissed by a United States District Court for lack of jurisdiction, then whether or not the time limitation for bringing such action expires during the pendency of such action, the plaintiff ... may commence a new action within one year or within the remaining period of limitation, whichever is greater....

Ill.Rev.Stat. ch. 110, ¶ 13–217. There is no dispute that the statutory grace period protected the Koffskis' first federal suit, but the district court rejected the Koffskis' contention that it also should have protected their second suit. We agree with the district court that section 13–217 provides for only a single refiling.[3]

## II. ANALYSIS

The Illinois Supreme Court has twice addressed this issue and has held in both instances that section 13–217 provides for only one refiling. *Flesner v. Youngs Dev. Co.*, 145 Ill.2d 252, 164 Ill.Dec. 157, 582 N.E.2d 720 (1991); *Gendek v. Jehangir*, 119 Ill.2d 338, 116 Ill.Dec. 230, 518 N.E.2d 1051 (1988). In *Gendek*, the court considered the propriety of a second refiling in two cases that had been consolidated on appeal. In the first case, the plaintiff previously had filed a federal action that was voluntarily dismissed and a second federal action that was dismissed, on plaintiffs' own motion, for lack of subject matter jurisdiction. In the second case, both previously filed actions had been voluntarily dismissed from state court. The supreme court held that section 13–217 provided for only one refiling, so that an additional refiling was prohibited in each instance.

The court reaffirmed its commitment to the single refiling rule in *Flesner*, when it held that section 13–217 prohibited a second refiling even if the limitations period

had not yet expired. In *Flesner*, plaintiffs' previous actions had been (1) dismissed by the federal district court for lack of jurisdiction and (2) voluntarily dismissed from state court. *Flesner* held that section 13–217 barred plaintiffs from filing a third complaint, even though it had been timely filed.

The Koffskis argue that their case is factually distinguishable from both *Gendek* and *Flesner*, and that the single refiling rule announced in those cases does not apply in this instance. First, the Koffskis contend that *Gendek* applies only when both previous dismissals were voluntary. They suggest that although one of the dismissals in *Gendek* involved a jurisdictional flaw, it resulted from plaintiffs' own motion and was therefore essentially a voluntary dismissal. The *Gendek* court clearly shared that view and framed its discussion in terms of voluntary dismissals only. *See* 119 Ill.2d at 340, 344, 116 Ill.Dec. at 231, 232, 518 N.E.2d at 1052, 1053.

Yet the cause of the previous dismissals appears to have been completely irrelevant to *Gendek's* holding. None of *Gendek's* reasoning relates either directly or indirectly to the fact that the dismissals were voluntary. Moreover, in two of the three cases discussed favorably in *Gendek*, neither of the previous dismissals had been voluntary. *See Harrison v. Woyahn*, 261 F.2d 412 (7th Cir.1958);[4] *Smith v. Chicago Transit Auth.*, 67 Ill.App.3d 385, 24 Ill. Dec. 295, 385 N.E.2d 62 (1st Dist.1978). The court's failure to note that distinction, while relying on those cases, indicates that the reason for the previous dismissals did not influence its holding. Thus, although *Gendek* deals only with voluntary dismissals, nothing in the case suggests that the supreme court would reach a different re-

---

**3.** On February 10, 1992, before the district court dismissed their second federal suit, the Koffskis filed a motion in state court seeking to vacate the voluntary dismissal of their original action. On February 23, 1993, just prior to the publication of this opinion, the Illinois Appellate Court affirmed the circuit court's denial of that motion. *Koffski v. Village of North Barrington*, 241 Ill.App.3d 479, 182 Ill.Dec. 61, 609 N.E.2d 364

(1993). In the course of that decision, the appellate court expressed an understanding of section 13–217 and the relevant case law that is consistent with our own.

**4.** In *Harrison*, we discussed this same issue in relation to a predecessor statute and held that that statute allowed for only one refiling. *Gendek* and *Flesner* confirm that the current statute should be interpreted in the same way.

sult when faced with a previous jurisdictional dismissal.

In any event, any doubt left by *Gendek* was certainly put to rest by *Flesner*, in which the original action had been dismissed from federal court for jurisdictional reasons. The Koffskis attempt to distinguish *Flesner* on the ground that the jurisdictional dismissal there terminated the original rather than the refiled action. But that distinction is again completely unrelated to *Flesner*'s own reasoning. As in *Gendek*, the *Flesner* court did not discuss the reasons for the previous dismissals and certainly appeared unconcerned with the order in which they occurred. To the contrary, the court quite clearly intended to announce a general rule when it stated, "[w]e interpret the language of section 13–217 as providing for one and only one refiling...." 145 Ill.2d at 253, 164 Ill.Dec. at 157, 582 N.E.2d at 720.[5]

The Koffskis further obfuscate matters by arguing that *Fanaro v. First Nat'l Bank*, 160 Ill.App.3d 1030, 112 Ill.Dec. 432, 513 N.E.2d 1041 (1st Dist.1987)—an appellate court case that predated both supreme court decisions—creates an exception to the single refiling rule. Following a state court dismissal for want of prosecution, Fanaro filed a federal suit. The district court found that Fanaro had failed to state a federal claim and consequently dismissed his state law claims for lack of pendent jurisdiction. *Fanaro* held that those claims could be refiled in state court. The court reasoned that because the federal district court had not actually assumed jurisdiction over the state law claims, the plaintiff had not exercised his single refiling opportunity. *Id.* at 1036–37, 112 Ill. Dec. at 435–36, 513 N.E.2d at 1044–45.

The Koffskis misconstrue *Fanaro* to hold that an additional refiling is allowed whenever a prior suit was dismissed from federal court for jurisdictional reasons. That is a clear misreading of *Fanaro*, which expressly applies only to dismissals that result from a termination of *pendent* jurisdiction. In fact, *Fanaro* itself distinguishes dismissals for lack of subject matter jurisdiction in general from terminations of pendent jurisdiction in particular, implying that the former do indeed count for section 13–217 purposes:

> The termination of pendent jurisdiction was premised upon the removal of the independent grounds for federal jurisdiction. It was not a dismissal for lack of subject matter jurisdiction since the district court never affirmatively acted to exercise pendent jurisdiction and never considered whether the claims could have been maintained.
>
> Accordingly, when the interposed federal action was dismissed causing pendent jurisdiction to be terminated, that termination did not constitute the single allowable refiling under section 13–217.

*Id.* (citations omitted).[6]

Moreover, even if *Fanaro* could be understood to have created the broad exception that the Koffskis suggest, it can certainly no longer be so read in light of *Gendek* and *Flesner*. In both cases, one of the previous dismissals had resulted from a jurisdictional flaw. It is true that those cases are factually distinguishable from both *Fanaro* and this case in the ways the Koffskis have suggested. As we have already explained, however, the supreme court did not discuss those facts or in any other way indicate that they delimit the single refiling rule.[7]

<hr>

5. In fact, *Flesner* actually seems to assume a single refiling rule and focuses instead on whether that rule prohibits a second refiling even when the limitations period has not yet elapsed.

6. Although pendent jurisdiction is technically a type of subject matter jurisdiction, that in no way means that the limited holding in *Fanaro* can properly be extended to all dismissals from federal court for want of subject matter jurisdic-

tion. *Fanaro* clearly foreclosed that result in the quoted language.

7. The Koffskis also argue on appeal that the single refiling rule violates their constitutional right of access to the courts. We need not address that issue, which the Koffskis waived when they failed to develop it before the district court. *See D.S.A. v. Circuit Court Branch 1*, 942 F.2d 1143, 1152 n. 17 (7th Cir.1991), *cert. denied*, — U.S. —, 112 S.Ct. 1196, 117 L.Ed.2d 436 (1992); *Kensington Rock Island Ltd. Part-*

### III. CONCLUSION

The Illinois Supreme Court has made clear that section 13–217 allows for only one refiling. The Koffskis' second refiling was therefore barred under that statute. The judgment of the district court is AFFIRMED.[8]

---

*nership v. American Eagle Historic Partners,* 921 F.2d 122, 125 (7th Cir.1990).

**8.** We must of course deny the Koffskis' motion to certify the issue in this case to the Illinois Supreme Court. As our discussion has made clear, the supreme court has already spoken directly to this issue in both *Gendek* and *Flesner.* At the same time, appellees' motion for sanctions pursuant to Fed.R.App.P. 38 and 28 U.S.C. § 1927 is also denied. Rule 38 sanctions are appropriate (1) when "the appeal is frivolous, that is, [when] the result is obvious or the appel-

lant's argument is wholly without merit," and (2) when "there is some evidence of bad faith." *Rodgers v. Wood,* 910 F.2d 444, 449 (7th Cir. 1990). Although we have rejected the Koffskis' attempt to distinguish *Gendek* and *Flesner,* their position is not frivolous under the *Rodgers* definition, nor is there any evidence that they have pursued this appeal in bad faith. For that latter reason, section 1927 sanctions, which are appropriate for conduct that "unreasonably or vexatiously" increases costs, are also unwarranted.