Kathleen EVANS, as Conservator
of Jessica Evans, a Protected
Person, Plaintiff,

v.

Lederle LABORATORIES, A DIVISION
OF AMERICAN CYANAMID COMPA-
NY, a corporation; Link Clinic, a corpo-
ration; and Dr. O. Sharma, Defendants.

No. 95–1341.

United States District Court,
C.D. Illinois.

Oct. 31, 1995.

Joseph W. Phebus and Nancy J. Glidden, Phebus, Winkelmann, Wong & Bramfeld, Urbana, IL, for plaintiff.

William R. Brandt and Peter W. Brandt, Livingston, Barger, Brandt & Schroeder, Bloomington, IL and Thomas F. Bridgman, Michael J. Wagner and David G. Wix, Baker & McKenzie, Chicago, IL, for defendants.

### ORDER

MIHM, Chief Judge.

Before the Court is the Report and Recommendation of Magistrate Judge David G. Bernthal [# 14] in which Magistrate Judge Bernthal recommends that Defendants Link Clinic and Dr. O. Sharma's Motion to Dismiss [# 4] be denied. This Court has reviewed all of the pleadings submitted in support of and in opposition to the Motion to Dismiss, as well as the Objection to the Report and Recommendation, and for the reasons stated herein REJECTS the Report and Recommendation. The Motion to Dismiss [# 4] is GRANTED.

### Background

Jessica Evans (hereinafter "Jessica") is a minor born on May 31, 1978, and a resident of Colorado. Plaintiff, Kathleen Evans (hereinafter "Evans"), filed the Complaint in the case at bar on behalf of Jessica. The Complaint states that this Court's jurisdiction arises from 28 U.S.C. § 1332 and 42 U.S.C. § 300aa–16. Evans and Jessica are residents of the State of Colorado, and the Defendants are not. The amount in controversy exceeds $50,000. Jurisdiction is properly based on 28 U.S.C. § 1332.

Count I of the Complaint alleges that Defendant Lederle Laboratories sold a diphtheria, pertussis, and tetanus (hereinafter "DPT") vaccine to Defendant Link Clinic. Link Clinic is located in Coles County, Illinois. Count I further states that Defendant Dr. O. Sharma, a practicing physician at Link Clinic, administered or caused to be adminis-tered a Lederle DPT vaccine to Jessica. Count I specifies that Lederle DPT vaccines were administered to Jessica on the following dates: July 13, 1978, October 10, 1978, and December 11, 1978. Count I maintains that the Lederle DPT vaccine was unreasonably dangerous and that the pertussis element contained in the vaccine caused Jessica injury. In Count II Evans claims that Lederle failed to adequately advise physicians of the risks present in the pertussis component of the vaccine. Count III charges Lederle with negligence. Count IV seeks to hold Defendant Link Clinic and Defendant Dr. Sharma jointly and severally liable for negligence.

A brief review of this case's procedural history will prove useful during the later analysis. On August 14, 1985, Evans filed a complaint in Cook County, Case No. 85–19357. That case was later transferred to Coles County and renumbered 86–L–57. Defendants Link and Sharma were voluntarily dismissed from 86–L–57 on July 14, 1988. On June 22, 1988, Evans filed an action in Federal District Court, Case No. 88–3191. That action was voluntarily dismissed on August 29, 1990. Thereafter, Evans filed an action in the Court of Claims, Case No. 90–2265V, naming the Secretary of Health and Human Services as the defendant, as is required by 42 U.S.C. § 300aa–12(b). Evans states that no decision was reached on the merits of this action and that the matter was dismissed by the Court of Claims on January 31, 1995.

### Discussion

On May 10, 1995, Defendants Link Clinic and Dr. Sharma moved to Dismiss Count IV of the Complaint. In support of the Motion to Dismiss, these Defendants assert that Evans filed three prior actions and that this matter is barred by 735 ILCS 5/13–217. The statute provides, in relevant part:

5/13–217. Reversal or dismissal. In the actions specified in Article XIII of this Act or any other act or contract where the time for commencing an action is limited, if judgment is entered for the plaintiff but reversed on appeal, or if there is a verdict in favor of the plaintiff and, upon a motion in arrest of judgment, the judgment is

entered against the plaintiff, or the action is voluntarily dismissed by the plaintiff, or the action is dismissed for want of prosecution, or the action is dismissed by a United States District Court for lack of jurisdiction, then, whether or not the time limitation for bringing such action expires during the pendency of such action, the plaintiff, his or her heirs, executors or administrators may commence a new action within one year or within the remaining period of limitation, whichever is greater, after such judgment is reversed or entered against the plaintiff, or after the action is voluntarily dismissed by the plaintiff, or the action is dismissed for want of prosecution, or the action is dismissed by a United States District Court for lack of jurisdiction.

735 ILCS 5/13–217. Illinois courts refer to this rule as the "one filing rule." *See, e.g., Gendek v. Jehangir,* 119 Ill.2d 338, 343–44, 116 Ill.Dec. 230, 232, 518 N.E.2d 1051, 1053 (1988) (this provision prohibits multiple refilings of a lawsuit after voluntary dismissal). The Seventh Circuit has held that federal courts sitting in diversity should apply the one filing rule to cases in which the plaintiff first filed in state court, with the second and third filings in federal court. *Koffski v. Village of North Barrington,* 988 F.2d 41, 44 (7th Cir.1993).

■■■ In opposition to the motion to dismiss, Evans asserts that the procedural rules of the State of Illinois, including 735 ILCS 5/13–217 of the Code of Civil Procedure, have no application to a case proceeding in federal court. This Court disagrees. Jurisdiction in the case at bar arises under the diversity statute, 28 U.S.C. § 1332. A federal court sitting in diversity must apply the substantive law of the forum state. *Erie R. Co. v. Tompkins,* 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188 (1938); *see also S.A. Healy Co. v. Milwaukee Metropolitan Sewerage Dist.,* 60 F.3d 305, 309–10 (7th Cir.1995). There are some circumstances in which a state "procedural" rule may be "substantive" in application. *S.A. Healy,* 60 F.3d at 310 (citations omitted). For example, although a statute of

limitations may appear procedural at first blush, it is well settled that statutes of limitation are considered substantive rules for purposes of the *Erie* doctrine. *See Guaranty Trust Co. of New York v. York,* 326 U.S. 99, 109–110, 65 S.Ct. 1464, 1469–70, 89 L.Ed. 2079 (1945). Under Illinois' Code of Civil Procedure § 13–217 exists as a savings statute and as such is "part and parcel of Illinois' total statute of limitations." *Cook v. Starling,* 104 F.R.D. 468, 470 (N.D.Ill.1985). In *Abdallah v. Slagg,* the court specifically held that "Illinois' saving statute is substantive in nature under *Erie R. Co. v. Tompkins,* 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188 (1938) and, thus, a federal court sitting in diversity should apply ¶ 13–217." *Abdallah,* 803 F.Supp. 220, 222 (N.D.Ill.1992) (citations omitted). This Court finds that as an element of the statute of limitations, and therefore a substantive state rule of law, 735 ILCS 5/13–217 should be applied by a federal court sitting in diversity. *See Koffski, supra* at 44.

■■■ The Magistrate Judge's Report and Recommendation suggests that the National Childhood Vaccine Injury Act, 42 U.S.C. § 300aa–1, *et seq.,* (1991 & West Supp.1995),[1] preempts the effect of 735 ILCS 5/13–217. The Magistrate cites § 300aa–22(e) of the Vaccine Act, which provides:

> No State may establish or enforce a law which prohibits an individual from bringing a civil action against a vaccine manufacturer for damages for a vaccine-related injury or death if such civil action is not barred by this part.

42 U.S.C. § 300aa–22(e). This Court respectfully disagrees with the Magistrate's conclusion regarding preemption. Section 300aa–22 of the Vaccine Act provides that "[s]tate law shall apply to all civil actions brought for damages for a vaccine-related injury or death." 42 U.S.C. § 300aa–22(a). Moreover, a brief review of the legislative history surrounding the Vaccine Act clearly establishes that Congress did not intend to preempt State statutes of limitations. The

---

1. The National Vaccine Injury Compensation Program comprises Part 2 of the National Childhood Vaccine Injury Act of 1986, as amended 42 U.S.C.A. § 300aa–1, et seq., as amended by the Vaccine and Immunization Amendments of 1990, Pub.L. No. 101–502 (1990).

House Report provides, in relevant part, as follows:

> State statutes that effectively foreclose individuals from bringing civil actions from vaccine-related injuries or deaths [are] pre-empted by this subsection. The Committee intends this preemption to apply even where a State has established a compensation system as an alternative to filing a civil action. It does not intend, however, to preempt statutes of limitations or other provisions of state law and practice that regulate the time or manner in which civil actions in general may be brought or maintained.

H.R.Rep. No. 99–908, 99th Cong.2d Sess., *reprinted in* 1986 U.S.Code Cong. & Admin.News at pp. 6287, 6344, 6368. Therefore, this Court finds that the Vaccine Act in no way preempts State statutes of limitation, including 735 ILCS 5/13–217.

As a final matter, this Court must determine whether 735 ILCS 5/13–217 does, in fact, bar Evans' action against Defendants Link Clinic and Dr. O. Sharma. As noted above, Evans first filed an action in state court in 1985. After a venue transfer, she voluntarily dismissed the case. In June 1988, Evans filed an action in federal district court, and she petitioned for voluntarily dismissal of that case in August 1990. In October 1990, Evans filed an action in the Court of Claims under the Vaccine Act pursuant to 42 U.S.C. § 300aa–11(b). She withdrew that action, as is permitted by § 300aa–21(a) of the Vaccine Act, in January 1995. She filed the case at bar on February 28, 1995.

■ The Vaccine Act provides that a plaintiff who has a pending civil action for damages arising from a vaccine-related injury or death "**may, at any time within 2 years** after the effective date of the subpart ... petition to have such action dismissed without prejudice or costs and file a petition under subsection (b) of this section." 42 U.S.C. § 300aa–11(a)(5)(A) (emphasis added). The effective date of the Vaccine Act was October 1, 1988. *Amendola v. Secretary of Dept. of Health and Human Services,* 989 F.2d 1180, 1181 (Fed.Cir.1993). Evans' federal court action, filed in June 1988, was pending upon the effective date of the Vac-

cine Act. Therefore, the Vaccine Act allowed Evans the opportunity to voluntarily dismiss her pending action and pursue a remedy through the Court of Claims. § 300aa–11(a)(5)(A) & (b)(1). However, nothing within the Vaccine Act indicates that a plaintiff is required to voluntarily dismiss a pending action. In fact, the legislative history clearly indicates that Congress intended plaintiffs to have a choice. The House Report states:

> If a person ... has a tort action against a manufacturer pending at the time of enactment, he or she **may elect to maintain such action or may, within two years of enactment ... elect to withdraw the action without prejudice and enter the compensation system.** If such a person elects to maintain the civil action, he or she is permanently barred from entering the compensation system (emphasis added).

H.R.Rep. No. 99–908, 99th Cong., 2d Sess., pt. 1, at 14, *reprinted in* U.S.Code Cong. & Admin.News 6344, 6355. This Court finds that the election afforded plaintiffs with a pending action is not mandatory, but discretionary. *See, e.g., Amendola v. Secretary of Dept. of Health and Human Services,* 1991 WL 43027 (March 14, 1991) (§ 300aa–11(a)(5)(A) gives plaintiffs a choice to elect the federal remedial program or pursue their pending civil action), *sustained,* 23 Cl.Ct. 621 (July 14, 1991), *aff'd,* 989 F.2d 1180 (Fed.Cir. 1993).

■ Finding that Evans' voluntary dismissal was a discretionary act has serious ramifications for the case at bar. At the time Evans filed her first federal court petition, June 1988, Illinois' savings statute, 735 ILCS 5/13–217, which governed the federal proceedings under the *Erie* doctrine, would have barred her from filing any further lawsuit on the same claims. Therefore, Evans should not have voluntarily dismissed her federal claim, as she may not file another.

Section 300aa–21(a) of the Vaccine Act permits plaintiffs to make an election which effectively disregards the Claims Court decision. However, § 300aa–21(c) clearly provides that State law controls in determining the applicable limitations rules. As discussed previously, 735 ILCS 5/13–217 is part

and parcel of Illinois' limitations rules. Although Congress granted plaintiffs the ability to reject compensation awards, or the lack thereof, the availability of this alternative does not preempt the State limitations rules. *See, supra*, at 5–6. Therefore, this Court finds Count IV of Evans' Complaint barred by 735 ILCS 5/13–217.

### Conclusion

For the reasons stated herein, Magistrate Judge David G. Bernthal's Report and Recommendation [# 14] is REJECTED. The Motion to Dismiss Count IV [# 4] is GRANTED. This matter is referred to Magistrate Judge Robert J. Kauffman.