Paula POINTER, as mother and next friend of Benjamin P. Pointer, a minor under the age of eighteen years, Appellants,

v.

WESTERN HEIGHTS INDEPENDENT SCHOOL DISTRICT; and Michael Jackson, as parent of Cantrell Watts, a minor under the age of eighteen years, Appellees.

No. 82741.

Supreme Court of Oklahoma.

June 18, 1996.

Mark Hammons, Hammons & Associates, Oklahoma City, for Appellant.

Reggie N. Whitten, Don R. Martin, Jr., Mills & Whitten, Oklahoma City, for Appellees.

ALMA WILSON, Chief Justice:

On February 11, 1991, the minor son of appellant Paula Pointer (Pointer) was injured in a stabbing incident that allegedly occurred in a rest room at Western Heights High School. The appellant filed an action in state court against appellees Western Heights Independent School District (the School District) and Michael Jackson, father of the minor who allegedly injured the appellant's son. The appellant's suit was commenced in conformity with the Governmental Tort Claims Act.[1]

On January 7, 1993, Pointer voluntarily dismissed her suit against the School District after the 180 day time limitation for filing a

1. 51 O.S.1991, § 151 et seq.

governmental tort claim had expired.[2] Relying on 12 O.S.1991, § 100, Pointer then refiled the action in federal court on January 11, 1993, adding a federal civil rights claim to her petition. On February 19, 1993, the federal court dismissed the federal claim with prejudice and, exercising the discretion granted it by 28 U.S.C. § 1367(c), dismissed the supplemental state claim without prejudice.

On March 24, 1993, Pointer returned to state court and refiled the action a second time after the statute of limitations had passed. The second refiling was made ostensibly pursuant to the federal savings clause, 28 U.S.C. § 1367(d). The School District filed a motion to dismiss on the grounds that the action was barred because the 180 day commencement period provided for in 51 O.S.1991, § 157(B) had expired, and, in the alternative, that the action was not timely recommenced within the 30 day tolling period provided for by 28 U.S.C. § 1367(d). The trial court, holding that 12 O.S.1991, § 100 does not apply to governmental tort actions, found that the action was time-barred under 51 O.S.1991, § 157(B). As a result, the court dismissed the action without considering issues related to § 1367(d). The Court of Appeals affirmed the judgment of the trial court. This Court has previously granted certiorari.

This appeal raises two issues: first, whether 12 O.S.1991, § 100 applies to governmental tort actions, and, second, whether 28 U.S.C. § 1367(d) works to save the state claims that Pointer refiled in state court after they were dismissed in federal court.

█ Whether 12 O.S.1991, § 100 applies to actions filed under the Governmental Tort Claims Act was decided in the affirmative by this Court in *Cruse v. Atoka County Board of Commissioners*, 910 P.2d 998 (Okla.1995). As a result, Pointer timely recommenced her action in federal court. However, § 100 operates to save an action for only one refiling after the statute of limitations has run. *Grider v. USX Corporation*, 847 P.2d 779, 782 (Okla.1993); *U.S. Fire Ins. Co. v. Swyden*, 175 Okla. 475, 53 P.2d 284, 288 (1936). In *Hull v. Rich*, 854 P.2d 903, 904 (Okla.1993), we held that the rule applies even where the first refiling was involuntarily dismissed. Nevertheless, Pointer contends that 28 U.S.C. § 1367(d) saved the state claims in her action for a second refiling. We do not agree.

Title 28 U.S.C. § 1367, originally enacted as part of the Judicial Improvements Act of 1990[3], codifies the previous case-law doctrines of pendant claim, ancillary and pendant-party jurisdiction under the heading of "supplemental jurisdiction."[4] The statute establishes the parameters by which a federal court exercises supplemental jurisdiction over claims, including state claims, that are related to the claims of an action over which the court has original jurisdiction. Section 1367(d) creates a savings clause whereby the statute of limitations for a state claim that is before the court is tolled while the claim is pending "and for a period of 30 days after it is dismissed unless State law provides for a longer tolling period."[5]

2. 51 O.S.1991, § 157(B).

3. Judicial Improvement Act of 1990, Pub.L. No. 101–650, 104 Stat. 5089, 5113–114 (1990).

4. For a detailed discussion of 28 U.S.C. § 1367, see Denis F. McLaughlin, *The Federal Supplemental Jurisdiction Statute—A Constitutional and Statutory Analysis*, 24 Ariz. St. L.J. 849 (1992).

5. With regard to the savings statute, 28 U.S.C. § 1367 provides in pertinent part:
" § 1367. Supplemental jurisdiction"
"(a) Except as provided in subsections (b) and (c) or as expressly provided otherwise by Federal statute, in any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution. Such supplemental jurisdiction shall include claims that involve the joinder or intervention of additional parties."

\*   \*   \*   \*   \*   \*

"(d) The period of limitations for any claim asserted under subsection (a), and for any other claim in the same action that is voluntarily dismissed at the same time as or after the dismissal of the claim under subsection (a), shall be tolled while the claim is pending and for a period of 30 days after it is dismissed unless State law provides for a longer tolling period."

We reject Pointer's contention that § 1367(d) saved her state claims after the dismissal by the federal court. Section 1367(d) can only operate to save a claim that initially comes before the federal court while the statute of limitations controlling that claim is still running. In the instant case, the time for filing a governmental tort action had already expired when the state claim was filed in federal court. In short, there was no statute of limitations for § 1367(d) to toll.

Pointer timely commenced her action in federal court pursuant to 12 O.S.1991, § 100. However, once the action was dismissed in federal court, neither § 100 nor 28 U.S.C. § 1367(d) were available to permit a new filing in state court. As a result, the action refiled in state court was not timely as it was filed after the commencement period provided for in 51 O.S.1991, § 157(B) had expired. The trial court correctly granted the School District's motion to dismiss.

CERTIORARI PREVIOUSLY GRANTED; OPINION OF THE COURT OF APPEALS VACATED; JUDGMENT OF THE DISTRICT COURT AFFIRMED.

ALMA WILSON, C.J., and HODGES, LAVENDER, SIMMS, OPALA and WATT, JJ., concur.

KAUGER, V.C.J., and HARGRAVE and SUMMERS, JJ., concur in result.