2004 OK CIV APP 10

**B. Diane GATES, Individually and as Personal Representative of the Estate of Carol L. Spray, Deceased, Plaintiff/Appellant,**

v.

**INTEGRIS BAPTIST MEDICAL CENTER OF OKLAHOMA, INC. and Dick Heigle, M.D., Defendants/Appellees.**

No. 99,720.

Court of Civil Appeals of Oklahoma, Division No. 3.

Dec. 18, 2003.

Richard M. Healy, Joseph J. Reinke, Oklahoma City, OK, for Appellant.

Glenn D. Huff, Foliart, Huff, Ottaway & Bottom, Oklahoma City, OK, for Appellees.

Opinion by LARRY JOPLIN, Chief Judge:

¶ 1 Plaintiff/Appellant B. Diane Gates (Plaintiff), individually and as Personal Representative of the Estate of Carol L. Spray (Decedent), seeks review of the trial court's order granting the motion to dismiss of Defendant/Appellees Integris Baptist Medical Center (Hospital) and Dick Heigle, M.D. (Doctor, or collectively with Hospital, Defendants) on Plaintiff's negligence claim. In this accelerated review proceeding, Plaintiff challenges the trial court's order dismissing her claim as contrary to the savings provisions of 12 O.S. § 100. Having reviewed the record, we find the trial court erred. We therefore hold the order of the trial court

should be reversed and the cause remanded for further proceedings.

¶2 On or about October 23, 2000, Carol L. Spray (Decedent) tripped, fell on a tile floor, and sustained injuries. Decedent went to Hospital at about 3:00 p.m., and received treatment from Doctor, who subsequently released her to return home about 6:00 p.m. That evening, Decedent's condition worsened, and she was returned to Hospital, where she was diagnosed as suffering from a subdural hematoma. Decedent ultimately died on October 28.

¶3 On July 9, 2001, Plaintiff commenced an action in the District Court of Oklahoma County, asserting Defendants' negligence. On June 18, 2002, Plaintiff dismissed the action without prejudice.

¶4 On or about October 9, 2002, Donna Strange, a Texas resident and alleged representative of Decedent's estate, commenced an action in the United States District Court for the Western District of Oklahoma, asserting the same claim. Defendants filed a motion to dismiss, challenging subject matter jurisdiction. Upon Strange's failure to respond to the jurisdictional challenge, the federal court treated the motion to dismiss as confessed, and dismissed the action on December 17, 2002.[1]

¶5 On February 4, 2003, Plaintiff commenced the instant action in Oklahoma County district court. Defendants filed a motion to dismiss, asserting that the federal court dismissal constituted a final adjudication of Plaintiff's claim "on the merits," establishing the defense of res judicata. Defendants also asserted that 12 O.S. § 100 afforded no savings to Plaintiff, having twice refiled her action—once in federal court and again in state court—after the June 2002 dismissal of the initially filed claim. *See, Koffski v. Vil-*

lage of North Barrington, 988 F.2d 41 (7th Cir.(Ill.) 1993). Plaintiff responded, arguing that the federal court determined *only* its own subject matter jurisdiction, and that the federal court dismissal did not bar refiling of the claim in state court under § 100.

¶6 The trial court granted the motion to dismiss. Plaintiff appeals, and the matter stands submitted on the trial court record.[2]

■ ¶7 As to the effect of the federal court dismissal, the federal court granted Defendants' motion to dismiss after plaintiff "confessed" the asserted lack of subject matter jurisdiction by failing to respond. By the express terms of F.R.C.P. 41(b), 28 U.S.C., however, an adjudication of a federal court's lack of jurisdiction does not constitute an adjudication on "the merits" of the underlying claim:

> Involuntary Dismissal: Effect Thereof. For failure of the plaintiff to prosecute or to comply with these rules or any order of court, a defendant may move for dismissal of an action or of any claim against the defendant. Unless the court in its order for dismissal otherwise specifies, a dismissal under this subdivision and any dismissal not provided for in this rule, *other than a dismissal for lack of jurisdiction, for improper venue, or for failure to join a party* under Rule 19, operates as an adjudication upon the merits.

(Emphasis added.) As Professors Wright, Miller and Cooper note:

> [As to] involuntary dismissals for lack of jurisdiction, for improper venue, or for failure to join a party under Civil Rule 19[,] Rule 41(b) seems to say that such dismissals do not operate as an adjudication upon the merits. Dismissal on any of these grounds indeed should not preclude

1. According to Defendants' motion to dismiss in the instant case, the federal court order provided:

   Before the Court is the Defendants' Motion to Dismiss for Lack of Subject Matter Jurisdiction. A review of the court file reflects that the Plaintiff has wholly failed to respond to the motion, after being granted an extension of time in which to do so. Accordingly, the court in its discretion deems Defendants' motion confessed, and it is hereby GRANTED. The Complaint is hereby DISMISSED for lack of subject matter jurisdic-

tion. This order will be reconsidered only in accordance with Rule 60(b), Fed. R. Civ. Pro. and *Hancock v. City of Oklahoma City,* 857 F.2d 1394, 1396 (10th Cir.1988); *Meade v. Grubbs,* 841 F.2d 1512, 1520–1522 (10th Cir.1988); *Miller v. Department of Treasury,* 934 F.2d 1161 (10th Cir.1991).

2. See, Rule 4(m), Rules for District Courts, 12 O.S.2001, Ch. 2, App.; Ok.S.Ct.R. 1.36, 12 O.S. 2001, Ch. 15, App.

a second action on the same claim that overcomes the initial defect of jurisdiction, venue, or parties. Despite some possible ambiguity in the language of the rule, moreover, the court should not have any option to provide that such a dismissal does operate as an adjudication that bars a second action. At the same time, such dismissals generally do preclude relitigation of the underlying issue of jurisdiction, venue, or party joinder. This effect provides the simplest illustration of the treacherous nature of references to adjudication on the merits.

Wright, Miller & Cooper, 18A Fed. Prac. & Proc. Juris.2d § 4435 (West 2003).[3]

¶ 8 The only issue finally adjudicated in the federal court was the existence of that court's subject matter jurisdiction. In accord with the above-cited authorities, the involuntary dismissal of Plaintiffs' federal court action under F.R.C.P. 41(b) precluded the further litigation of only the sole issue of the federal court's subject matter jurisdiction, (as the federal court specifically held) subject to the F.R.C.P. 60(b) procedure for vacation of that determination by the court of rendition upon a cure, if any, of the jurisdictional defect.

¶ 9 In this respect, Defendants argued the federal court's limitation to reconsideration "only in accordance with Rule 60(b)" finally determined the merits of the Plaintiffs' negligence claim. However, F.R.C.P. 60(b) merely prescribes the procedure to obtain relief from a final judgment by motion in the court of rendition. The federal court's reference to F.R.C.P. 60(b) does not extend the reach of the federal court's *express* adjudication of its own subject matter jurisdiction to an *implied* determination of the merits of the underlying claim. Because the only issue finally adjudicated in the federal court was the existence of that court's subject matter jurisdiction, the federal court's order of dismissal does not preclude the subsequent reassertion of the original negligence claim in the state court.

■ ¶ 10 As to the § 100 issue, that section provides:

If any action is commenced within due time, and a judgment thereon for the plaintiff is reversed, of if the plaintiff fail in such action otherwise than on the merits, the plaintiff, or, if he should die, and the cause of action survive, his representatives may commence a new action within one (1) year after the reversal or failure although the time limit for commencing the action shall have expired before the new action is filed.

Section 100 permits one refiling of an action within one year of dismissal otherwise than on the merits where the applicable statute of limitations period expired before the refiling. *See, Bruner v. Sobel*, 1998 OK 60, 961 P.2d 815; *Pointer v. Western Heights Independent School Dist.*, 1996 OK 74, 919 P.2d 5. Stated otherwise, by its express language, the savings of § 100 is implicated only when "the time limit for commencing the action shall have expired before the new action is filed."

¶ 11 In the present case, Decedent went to Hospital on October 23, 2000, and died on October 28, 2000. Plaintiff commenced her initial state court action on July 9, 2001 and dismissed the action on June 18, 2002. Strange commenced the federal court action on October 9, 2002, and the federal court dismissed the action on December 17, 2002. Plaintiff commenced the present action on February 4, 2003.

■ ¶ 12 It is thus clear Plaintiff commenced and dismissed the first action in state court before the governing two year statute of limitations expired. By its express terms, operation of § 100, with its single-refiling limitation, is not implicated by the filing of the action in the federal court *before the statute of limitations expired,* and *Koffski,* involving *two* post-dismissal refilings *after the statute of limitations expired,* is thus clearly distinguishable from the present case.[4] Plaintiff refiled the action in state

---

3. Even if "on the merits" of the underlying claim, the United States' Supreme Court recently held that an involuntary dismissal "on the merits" under F.R.C.P. 41(b) does not bar another suit on the same claim in a different court. *Sem-*

*tek International, Incorporated v. Lockheed Martin Corporation,* 531 U.S. 497, 506, 121 S.Ct. 1021, 1027, 149 L.Ed.2d 32 (2001).

4. In *Koffski,* the plaintiffs dismissed their timely-commenced state court action; filed a federal

court after the two-year statute of limitations expired, but within one year of the state court dismissal otherwise than on the merits, and her refiled claim is saved from operation of the statute of limitations by § 100.

¶ 13 We therefore hold the trial court erred in granting Defendants' motion to dismiss. The order of the trial court granting Defendants' motion to dismiss is accordingly REVERSED, and the cause REMANDED for further proceedings.

ADAMS, P.J., and BUETTNER, J., concur.

court action *after the statute of limitations expired;* suffered a dismissal of their federal court action for lack of diversity; then commenced a second federal court action *after the statute of limitations expired,* which the federal court dismissed as barred by limitations. 988 F.2d at 42–43. The Seventh Circuit affirmed, holding the plaintiffs' second federal court suit violated the "single refiling rule" of the Illinois savings statute. *Koffski,* 988 F.2d at 45.